SETH SHEARD v. ALFRED WELBURN.

*Land contract—Rescission—Recovery of payments and for improvements.*

On the rescission by a vendor of a land contract containing no *forfeiture* clause, the vendee can recover the payments made thereon, and the reasonable value of his improvements made in good faith while in possession under the contract, less the use of the premises while in such possession. *Davis v. Strobridge,* 44 Mich. 157.

Error to St. Joseph. (Pealer, J.) Argued October 6, 1887. Decided October 27, 1887.

Assumpsit. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Dallas Boudeman,* for appellant.

*Howell, Carr & Barnard,* for defendant.

SHERWOOD, J. On the thirty-first day of October, 1884, the plaintiff and defendant entered into a written contract by which the defendant agreed to sell and convey to the plaintiff two parcels of real estate in the village of Constantine for the sum of $4,000.

After giving a description of the property, the contract continues as follows:

"I, said Welburn, agree to receive a certain promissory note of Wm. Proctor and Marion C. Proctor, dated April 26, 1884, due one year from date, as a payment of the sum of $1,500, when such note shall be paid by said Proctors to me, said Welburn, and when it shall be paid, I agree to receive the same as such sum at this date, and, upon the payment of said sum of said note at the time when due, I hereby agree to make and execute to said Seth Sheard a good and sufficient warranty deed of said premises above described, and said slaughter-house and lot aforesaid.

"And said Welburn further agrees to receive of said Sheard, upon the execution of said deed, a promissory note and a mortgage upon the said premises, as security for the balance of said sum of $4,000 then remaining unpaid, and also to give possession as early as possible to said Sheard.

"I, said Seth Sheard, hereby agree to accept said premises, and to purchase the same, and to pay the said sum of $4,000 therefor in the manner above set forth, and to pay to said Welburn interest at the rate of 6 per cent. upon the balance of said purchase money, other than said note, from the date of these presents until the execution of said deed and mortgage, and to covenant for the payment of annual interest at the same rate in said mortgage.

"And for the full and faithful performance of the covenants and agreements herein contained, we, the said parties hereto, do bind ourselves, our heirs, executors, and assigns, firmly by these presents."

The following is a copy of the note:

"$1,500.                    CONSTANTINE, MICH., April 26, 1884.

"One year after date we promise to pay to the order of Seth Sheard fifteen hundred dollars at Constantine, Mich., value received, with interest at 6 per cent. per annum.

"WM. PROCTOR.<br>"MARION C. PROCTOR."

The plaintiff indorsed over said note to the defendant, as required by the contract; and afterwards, on the twelfth day of November, 1884, he went into possession of the premises, and made some improvements upon the house, and built two coal-houses on the lot. The note was not paid when it became

due, and on the eighteenth day of November, 1885, the defendant brought suit thereon in the St. Joseph circuit, and on the thirtieth of January, 1886, obtained a judgment for damages and costs, amounting to the sum of $1,736.70, and on the twenty-fourth day of April, 1886, the defendant received the amount of said judgment.

The defendant, twice before the money was received upon the note or judgment, tendered a deed of the premises to the plaintiff, who did not accept it, not knowing that it would be proper for him to do so, or when the judgment would be paid. The plaintiff, however, testified that he did, in the month of April, 1886, offer to pay for the property, and demanded a deed, but that defendant would have nothing to say to him; and that, within four days after he received the payment of the judgment, he gave the plaintiff notice to quit, which, after describing the property, says—

"The same being the property mentioned in the contract between Alfred Welburn and Seth Sheard as the slaughter-house and lot, within three months from the service of this notice upon you, for the reason that you have not fulfilled the terms of a certain written contract entered into by you on the thirty-first day of October, 1884, for the purchase of said property."

On the fourth day of August, 1886, the defendant instituted a suit before a circuit court commissioner to recover the possession of the premises, and obtained a judgment for the restitution thereof on the nineteenth day of November following, and the defendant was put into possession of the same, under an execution issued upon such judgment. A portion of the property was not included in the ejectment proceedings. This was, however, surrendered up to the defendant before any execution was issued on the judgment for restitution, and he took possession thereof. He also retained the money collected on the judgment rendered on the Proctor note.

It is to recover this money, or such portion thereof as he

may be justly entitled to, that the plaintiff brings this suit, and claims that the defendant is not entitled to both the possession of the land and the money; that he cannot thus annul the contract, and at the same time receive the benefits thereof; that the contract contains no provisions which will allow him to do this; that the possession of the property was given by the defendant, and received by the plaintiff, under and by virtue of the contract, and that what occurred between the parties, and what was done by the defendant, was a rescission of the contract; and that the plaintiff is legally and equitably in this action entitled to recover what was received by the defendant upon the judgment against the Proctors, less the necessary expenses for collecting.

The court took a different view of the case, and directed a verdict for the defendant.

We think this direction was wrong, and not in accordance with the just rights of the parties. The plaintiff should have been allowed to recover the amount collected on the judgment against the Proctors, less the expenses of the suit for collecting; also the reasonable value of the improvements he in good faith made upon the property, less the use of the premises while in the plaintiff's possession.

The authorities cited by counsel fully sustain these views, and the judgment must be reversed, and a new trial granted.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.