AUGUST ERICKSON *vs.* CHARLES C. BENNET and wife.

November 7, 1888.

**Vendor and Purchaser—Fraud—Pleading and Proof.**—Proof of false representations concerning his title by one contracting to sell real estate, *held* to justify an averment of fraud.

**Same—Suit by Purchaser—Fraud—Damages—Compensation for Improvements.**—In an action by the vendee, for the breach of such a contract, the recovery is not strictly limited to the amount of the purchase price paid, with interest. In case of fraud, or where one contracts to convey, knowing that he has no title and cannot perform on his part, the damages may be measured by the ordinary rule of compensation for the injury suffered, and may include reimbursement for improvements put upon the estate.

Appeal by defendants from an order of the district court for Hennepin county, *Start*, J., presiding, (before whom the case was tried, acting for a judge of the 4th district,) refusing a new trial on the condition, accepted by plaintiff, that the verdict be reduced from $280.11 to $205.11.

*Merrick & Merrick*, for appellants.

*Henry J. Gjertsen*, for respondent.

DICKINSON, J. This is an action for damages for the breach of a contract executed by the defendants to the plaintiff, whereby the former agreed, upon the payment of a stipulated price, to convey to the latter a certain lot of land. The plaintiff paid $125 of the purchase price, went into possession under the contract, and erected a dwelling-house thereon. He was subsequently evicted by a third party, who was the real owner, the defendants having no title when they made the contract, or, so far as appears, at any time. The evidence received upon the trial, without any sufficient objection, of the defendants' representations as to the title, which were in fact false, but which the plaintiff relied upon, as the case went to show, justified the court in allowing an amendment of the complaint, so as to embrace a charge of fraud in the making of the contract.

As to the right to recover the purchase price paid, there can be no doubt upon the case shown. The court instructed the jury to the effect that if they should find the alleged fraudulent representations to have been made respecting the defendants' title, and to have been relied upon, the jury should also allow to the plaintiff the value of the house erected by him. The verdict embraced such an allowance. We discover no exception to the charge of the court, but the principal question here presented by the appellants fairly arises upon an objection which was raised to the evidence. That question is whether if one, knowing that he has no title to land, but fraudulently inducing another to believe that he has title, contracts to convey to the latter, who is induced by the fraud to enter into the contract, the damages recoverable by the purchaser are limited to the purchase price paid, with interest. We consider it to be well established that in such cases, and generally where one contracts to convey real estate, knowing that he has no title and cannot perform his contract, the recovery is not limited by the technical rule of damages generally applicable in actions upon the covenants in a deed of conveyance, but that it is measured by the broader rule of compensation generally applied in cases of breach of contract and of fraud. *Bush* v. *Cole,* 28 N. Y. 261, (84 Am. Dec. 343;) *Pumpelly* v. *Phelps,* 40 N. Y. 59; *Burr* v. *Todd,* 41 Pa. St. 206; *Hammond* v. *Hannin,* 21 Mich. 374; *Dustin* v. *Newcomer,* 8 Ohio, 49; *Drake* v. *Baker,* 34 N. J. Law, 358; *Martin* v. *Wright,* 21 Ga. 504; *Kirkpatrick* v. *Downing,* 58 Mo. 32; *Lewis* v. *Lee,* 15 Ind. 499; *Morgan* v. *Stearns,* 40 Cal. 434; *Tracy* v. *Gunn,* 29 Kan. 508; *Sweem* v. *Steele,* 5 Iowa, 352; *Gerault* v. *Anderson,* 2 Bibb, (Ky.) 543; *Engel* v. *Fitch,* L. R. 3 Q. B. 314; *Hopkins* v. *Grazebrook,* 6 B. & C. 31; *Plumer* v. *Simonton,* 16 U. C. Q. B. 220. Evidence of the value of the building erected by the plaintiff was therefore admissible; especially was this so in view of the fact that the evidence tended to show that the expressed purpose of the plaintiff, when he made the contract, was to construct a house upon the land. The evidence justified the recovery, as modified by the order of the court.

Order affirmed.