KRISTINA FLECKTEN v. JOHN M. SPICER.[1]

January 21, 1896.

Nos. 9602—(175).

**Vendor and Purchaser—"Good and Sufficient Deed."**

The vendor agreed to convey land to the vendee "by good and sufficient deed of conveyance." *Held*, this called for a deed with the usual covenants.

**Action by Purchaser—Ejectment—Conclusiveness of Judgment on Vendor.**

An action of ejectment was brought by a third party against the vendee for the recovery of possession of the land, and for damages for the detention of the same. The vendee notified the vendor of the pendency of such action,

[1] Reported in 65 N. W. 926.

and he undertook the defense of the same. *Held*, in a subsequent action against him by the vendee, he was bound by the result of the ejectment suit.

### Same—Eviction—Damages.

After the purchase, the vendee entered on the land, made improvements, paid taxes and instalments of the purchase money, was subsequently evicted in such ejectment action by a paramount title, and removed the buildings, which were a part of the improvements, and the holder of the paramount title recovered damages against him for the detention of the land. In an action against the vendor for damages for breach of the contract of sale, *held*, the vendee is entitled to recover for the loss of his bargain, and compensation for his improvements, which loss and compensation are to be measured by deducting the sum of the purchase price of the land, and all unpaid interest thereon accruing up to the time of the eviction, from the value of the land at that time; and, in addition to this difference between the two sums, he is entitled to recover the taxes and instalments of the purchase money so paid by him, and the costs and damages awarded against him in the ejectment suit, but from these amounts must be deducted the value, for the purpose of removal, of the buildings so removed. *Held*, further, the vendee is entitled also to interest on the purchase money and taxes so paid, only from the time of eviction.

### Same—False Representations—Variance.

Plaintiff alleged that she was induced to make the contract of purchase by reason of certain false and fraudulent representations of defendant, but failed to prove any such fraud. *Held*, it is not a material variance to permit a recovery of the same damages for breach of the contract.

### Same—Constructive Eviction.

No writ was issued on the judgment in ejectment, but the vendee did not abandon possession, or move off her buildings, until after the judgment was entered, and the vendor had apparently abandoned any further defense in that action. *Held*, there was a constructive eviction.

### Same—Value of Land.

*Held*, it was error to reject evidence of the value of the land at the time of the eviction.

### Same—Damages—Remoteness.

Damages for loss on machinery purchased by plaintiff to carry on farming on the land *held* too remote as an element of damages.

### Payment of Road Tax—Evidence.

A certificate of the town clerk of the payment of road tax *held* no evidence that such tax had ever been assessed.

Appeal by plaintiff from an order of the district court for Kandiyohi county, Powers, J., denying a motion for a new trial. Reversed.

*R. A. Walsh*, for appellant.

*Samuel Porter*, for respondent.

CANTY, J. On April 28, 1890, plaintiff purchased from defendant a quarter section of land in Kandiyohi county, and received from him a bond for deed, whereby he agreed to convey the same to her, "by good and sufficient deed of conveyance," on payment of $1,600, and interest at the rate of 7 per cent. per annum, according to her eight promissory notes, made by her to him, and dated that day, each for the sum of $200, one of which notes would fall due on November 1, 1891, and one on the 1st of November in each of the following seven years. The vendee also agreed on her part to pay all taxes falling due after the date of the agreement, and to "break at least 60 acres of land on said premises during the year 1890." Plaintiff took possession of the land, broke and brought into cultivation 100 acres of it, built a house, a barn, and a machine shed, dug a well, and made other improvements on the land. She also paid the taxes, the first instalment of the purchase price due November 1, 1891, and on March 24, 1893, sold defendant some wheat to apply on interest. She fully performed the contract on her part until the second instalment of the purchase price became due, November 1, 1892, when defendant agreed to extend the time of payment of the same until she procured a loan for which she was then negotiating; but before this loan was procured, to wit, on January 28, 1893, an action of ejectment was commenced against her by one Koerner for the recovery of the possession of the land from her. She notified defendant of the commencement of this action, and he undertook the defense of the same, but Koerner prevailed; and on November 23, 1893, judgment was entered in his favor for the recovery from her of the possession of the land, and of the sum of $235 damages for her withholding of the same, and costs. Thereupon she moved off her buildings, and abandoned the possession.

This action is brought by her for damages, and in her complaint she alleges that when the defendant sold the land to her he had no title, and, knowing he had not, fraudulently represented to her that he had, by reason of which she was induced to purchase the land. On the trial she failed to prove any fraud or fraudulent rep-

resentations on defendant's part, but offered evidence tending to prove all the rest of the foregoing facts; and when she rested her case the court, on defendant's motion, dismissed the action. From an order denying her motion for a new trial, she appeals.

1. An agreement to convey by a "good and sufficient deed of conveyance" calls for a deed with the usual covenants. See Drake v. Barton, 18 Minn. 414 (462).

2. The defendant was bound by the result of the Koerner suit, but, whether or not the evidence received on the trial entitled plaintiff to recover anything more than nominal damages, we do not deem it necessary to decide.

3. We are of the opinion that the proper measure of damages, in a case of this kind, is not the purchase money already paid, but full compensatory damages. Two of these elements of damage are the loss of the purchaser's bargain, and compensation for her improvements, which compensation and loss may in this case be measured by deducting the amount of the purchase price of the land, and all unpaid interest thereon which has accrued up to the time of the eviction, from the value of the land at the time of the eviction. In addition thereto, she is entitled to recover the amount of the taxes, instalments of the purchase money already paid, and the damages and costs recovered against her in the ejectment action. From these amounts must be deducted the value, for the purpose of removal, of the buildings moved off by her.

The vendee cannot recover interest on the part of the purchase money paid by her, or escape being charged with interest on the part not paid, and at the same time enjoy the benefit of the use and occupation of the premises, and, when the defendant has paid the damages awarded Koerner for such detention, he will have secured such benefit to this plaintiff; so that she will be entitled to interest only since the eviction, on the taxes and instalments of purchase money paid by her, and must be charged with all unpaid interest on the purchase price up to the time of the eviction. It would also be necessary to charge her with this interest in order to determine the loss of her bargain, even if the land was unimproved, and she enjoyed no benefit from its use.

It was held in the leading case of Flureau v. Thornhill, 2 W. Bl. 1078, that the measure of damages in such a case is the same as the

measure of damages on breach of a covenant of warranty of seisin, —recovery of the purchase money. Some of the English cases allowed full compensatory damages when the vendor acted fraudulently, but later cases have thrown doubt on this distinction. See 2 Sutherland, Dam. (2d Ed. § 578) 207, 208. "The doctrine of the American courts has been less liberal to the vendor. The general rule is that usually applied,—adequate compensation for the actual injury, or, as it is briefly expressed, damages for the loss of the bargain." 2 Sutherland, Dam. (2d Ed. § 579) 211–213. See the pages following for a full discussion of this rule. Some of the authorities hold that it is necessary to prove fraud before this broad measure of compensation can be recovered. But the weight of authority seems to be against this distinction, and we cannot see that it is well founded. The case of Erickson v. Bennet, 39 Minn. 326, 40 N. W. 157, seems to recognize the distinction; but what is said on the point there is wholly a dictum, as the order appealed from should have been affirmed under either rule. Neither is this, like the case of Lancoure v. Dupre, 53 Minn. 301, 55 N. W. 129, an action for rescission, where the title had failed only in part. There the measure of damages is essentially different.

4. It is true that in the case at bar the plaintiff predicated her case on fraud, and failed to prove it; but all the additional facts necessary to make a cause of action for fraud would entitle her to recover the same damages for a breach of the contract, and it would not be a material variance to permit her to do so.

5. No writ was issued on the judgment in the ejectment action. Plaintiff did not abandon the possession or remove her buildings until after that judgment was entered, and the vendor had apparently abandoned any further defense of the action. We are of the opinion that there was a constructive eviction.

6. Plaintiff offered evidence of the value of the land at the time of the eviction, which evidence was rejected on defendant's objection. We are of the opinion that this evidence was competent, that it was error to reject it, and therefore a new trial must be granted.

7. The fact that plaintiff had purchased, and had on her hands when evicted, machinery to use on the land, and for which she afterwards had no use, is too remote as an element of damages.

8. Plaintiff offered in evidence a certificate of the town clerk cer-

tifying that she paid the road tax on the land. The offer was rejected, and this is assigned as error. We are referred to no statute which makes such a certificate evidence that such a tax was ever assessed, and no evidence was offered to show that it was. We are of the opinion that it was not error to reject the certificate.

This disposes of the case, and the order appealed from is reversed.