## J. W. VALLENTYNE v. IMMIGRATION LAND COMPANY.[1]

June 16, 1905.

Nos. 14,301—(148).

**Breach of Contract.**

Complaint construed, and *held* to state a cause of action for the breach of an executory contract for the sale of land.

**Relief in Equity.**

Equity will rarely relieve a party from the performance of his contract on the ground that it was entered into on his part through mistake, the mistake not being mutual, and especially where the alleged mistake was the result of negligence, or could have been avoided by the exercise of reasonable diligence, on his part.

**Election of Remedies.**

The vendee in an executory contract for the sale of land, which the vendor is unable or refuses to perform, has the election of two remedies: (1) He may rescind the contract and recover the purchase money paid; or (2) maintain an action for his damages for the breach.

**Measure of Damages.**

The measure of damages for the breach of such a contract, where the breach is caused either from the inability or refusal of the vendor to perform, is the loss suffered by the vendee—in this case, the difference between the value of the land as contracted to be sold, and its value after the removal of certain timber standing thereon when the contract was made, and which was removed by a third party under a prior grant, less the unpaid purchase price.

Action in the district court for Morrison county to recover $2,000 for breach of contract to convey land. The case was tried before Searle, J., who directed a verdict in favor of plaintiff for $763.67. From an order granting a motion for a new trial, plaintiff appealed. Reversed and judgment ordered for plaintiff upon the verdict.

*C. D. & R. D. O'Brien,* for appellant.

*Lindbergh & Blanchard,* for respondent.

BROWN, J.

A former owner of the land involved in this action conveyed all the timber standing thereon to the Pine Tree Lumber Company, and

---

[1] Reported in 103 N. W. 1028.

subsequently sold and conveyed the land itself to the Immigration Land Company, defendant. Thereafter plaintiff entered into an executory contract with defendant for the purchase of the land, for the breach of which this action was brought. The contract is in the usual form of such agreements, and contains provisions to the effect that defendant sells and agrees to convey the land to plaintiff upon payment of the purchase price in the manner and at the times therein stated. The purchase price was $220, payable in annual instalments, the first of which was paid at the time the contract was signed and executed. Plaintiff had previously examined the land, and knew that it contained a quantity of standing pine, which was one of the elements inducing him to make the purchase. The printed form of contract used by the parties contained a clause reserving in the grantor all mineral rights and standing pine. But acting on the belief that the timber had all been cut and removed by the Pine Tree Lumber Company previous to this transaction, defendant erased from the contract that portion reserving the timber rights, so that the contract, as entered into, conveyed and entitled plaintiff to all timber then on the land. The lumber company had not in fact yet removed the pine, but did so subsequent to the date of plaintiff's contract, though against his protest. Thereafter plaintiff brought this action for breach of the contract. The facts are practically undisputed, and the court directed a verdict for plaintiff for the difference between the value of the land with the timber and without it, less the balance due on the purchase price, but subsequently granted a new trial upon the ground that the verdict was not sustained by the evidence and plaintiff appealed. No errors at the trial are pointed out which would justify a new trial, and we have to consider only whether the facts stated justify a recovery by plaintiff to the extent of the directed verdict.

1. It is first contended by defendant in support of the order of the court below that the action is not one for a breach of the contract, but one to recover damages for cutting and removing the timber, and that plaintiff can recover only by showing that defendant removed the timber subsequent to the date of the contract, and that, as no attempt was made to show that fact, no recovery can be had. The complaint, fairly construed, states a cause of action for a breach of the contract, and defendant's position in this connection cannot be sus-

tained. It appears from the complaint, as aided and supplemented by the answer, that at the time the contract was made the timber was standing upon the land, and by the contract was transferred to plaintiff as a part of the realty; that it was subsequently removed under a paramount title, and defendant is now unable to comply with or perform the contract on its part. A sufficient breach of the contract is therefore shown to entitle plaintiff to recover damages.

2. It is further contended by defendant that in entering into the contract, and particularly in erasing the clause therein reserving the timber rights in defendant, the latter labored under a mistake, believing at the time that the timber had been removed from the land; that the mistake is fundamental; that the minds of the parties never met on the terms of the contract; and it claims the right to rescind the same by returning to plaintiff the amount of the purchase price paid by him. These facts were set out in defendant's answer, and relied upon at the trial in defense of the action. The authorities do not sustain defendant in this defense. The law is thoroughly settled that for the mistake of one party to a contract, not going to the subject-matter or essential to its terms, relief will not be awarded, either by way of reformation or rescission, so as to subject the other party to obligations or conditions to which he never assented; nor will relief be granted in an otherwise proper case where the mistake of the party seeking it could have been avoided by reasonable diligence. 20 Am. & Eng. Enc. (2d Ed.) 832. Relief is always granted in cases of mutual mistake either of fact or of mixed law and fact, but for the mistake of one party relief is rarely granted. 20 Am. & Eng. Enc. (2d Ed.) 822.

In the case at bar the mistake was solely that of defendant, and the result of its own neglect. There was no fraud or concealment on the part of plaintiff. He had previously examined the property, and knew of the standing timber, and made the purchase in view of that condition of the land; but he knew nothing of the relation between defendant and the Pine Tree Lumber Company until after the contract had been entered into. Defendant was aware of the fact that the timber had been conveyed to the lumber company, and was clearly chargeable with notice that it had not in fact been removed. At least, defendant was guilty of negligence in not ascertaining the

fact. It had ample opportunity to do so. The lumber company and defendant occupied the same offices, and the agent of defendant, who drew this contract, was in some respects managing the affairs of both companies. He testified that he managed the lumber company's lumber business, and drew all contracts for defendant on the sale of lands. We have found no case in which, under such circumstances, a rescission of a contract has been granted for the mistake of one of the parties. On the other hand, the authorities are numerous where the relief has been denied. Grymes v. Sanders, 93 U. S. 55; Montgomery v. City Council, 99 Fed. 825, 40 C. C. A. 108; Pope v. Hoopes (C. C.) 84 Fed. 927; Massey v. Cotton, 70 Ga. 794; Bonney v. Stoughton, 122 Ill. 536, 13 N. E. 833; Capehart v. Mhoon, 58 N. C. 178; Pearce v. Suggs, 85 Tenn. 724, 4 S. W. 526; McDaniels v. Bank, 29 Vt. 231; Kearney v. Sascer, 37 Md. 264; Brown v. Fagan, 71 Mo. 563.

The case of Benson v. Markoe, 37 Minn. 30, 33 N. W. 38, cited by defendant in support of its position, is not in point. In that case it appeared that plaintiff had sold certain real estate to defendant's grantor, and received a purchase-money mortgage for $12,000. He was afterwards requested by his grantee to execute a further deed of release and quitclaim for the purpose of effectually conveying certain land, which, as was represented, was not included in the prior deed. The quitclaim deed was executed by plaintiff in response to the request, but without consideration; thereby, in legal effect, but contrary to his intention, discharging his $12,000 mortgage. The court held that he was entitled to relief, limiting the operation of the quitclaim deed to a conveyance of the premises. In that case defendant, at the time the quitclaim deed was executed, had full notice and knowledge of the fact of the existence of the mortgage, and knew also that the plaintiff did not execute the quitclaim deed for the purpose of discharging it. In the case at bar, plaintiff was not informed of the mistake of defendant, and had no intimation of an understanding on its part that the timber had not been removed, nor did plaintiff know of the prior sale of the timber. It was stated on the argument that plaintiff was expressly informed of the fact that the timber had been conveyed to the Pine Tree Lumber Company before the contract was entered into, but the evidence bears out the statement only in part. It

discloses that the contract had been signed and delivered, the first payment made, and the transaction completely closed, before any information of that nature was communicated to plaintiff. Plaintiff testified that he was not informed of that fact at any time, though defendant's agent testified to the contrary; but the time fixed by him, when he claims to have so stated to plaintiff, was after the contract had been entered into.

The case of Stong v. Lane, 66 Minn. 94, 68 N. W. 765, also cited by defendant, is not in point. In that case it appeared that there was a misunderstanding between the parties as to the tract of land which was the subject-matter of the transaction there in question. Plaintiff supposed and believed that he was buying a particular lot in the city of Minneapolis, while defendant had in mind an entirely different lot, and did not own the lot plaintiff had in mind. No written contract was entered into, and plaintiff, upon discovering that the particular lot he desired to purchase, and which he supposed he was buying, was not the one owned by defendant, immediately gave notice to defendant that he rescinded all negotiations, and demanded back the $100 he had paid in the transaction. The court in that case very properly held that the minds of the parties never met, and that plaintiff had the right to rescind the contract and recover his money. The reasoning of the court in that case is applicable to the case at bar. It was there said that had the parties, in their contract, deliberately agreed upon a formal description of its subject-matter, the mere fact that plaintiff was mistaken as to the lot to which the description applied, and had in mind another lot, of a different description, would be no ground for a rescission. In the case at bar the parties deliberately agreed in writing upon the subject-matter of the contract, viz., the particular tract of land agreed to be conveyed to plaintiff. The only mistake relied on has reference to the condition of the land, and not to the land itself or its description. The timber standing on the land was a mere incident; the land, the subject-matter of the contract.

3. It is also contended by defendant, in substance, that when a person enters into a contract to convey land, believing himself to be the owner, but afterwards, without fault on his part, title to the same, or some portion thereof, fails, the only damages recoverable by the vendee is the amount of the purchase price paid, and the value of the improve-

ments, if any were made subsequent to the sale. An examination of the books discloses no little conflict on this question in the adjudicated cases. Many cases follow the English doctrine, and hold that, where the vendor is without fault and unable to convey a good title, the measure of damages is the purchase price paid, with interest and expenses of investigating the title. In other states it is held that where the vendor is chargeable with knowledge of his lack of title or with fraud, or if he wilfully refuses to convey, substantial damages are recoverable. 2 Sutherland, Dam. (2d Ed. 578) 207.

Many of the authorities apply to cases like that at bar—actions for breach of an executory contract to convey land—the rule applicable to actions for breach of covenant of seisin. The rule in those cases is that the grantee is entitled only to a return of the purchase price and the value of improvements, if any were made. Such is the rule in this state. Burke v. Beveridge, 15 Minn. 160 (205); Kimball v. Bryant, 25 Minn. 496. But a distinction is made in many of the authorities, and among others by this court, between actions of that class and those brought to recover for a breach of an executory contract to convey. The rule in that class of cases, even where there is no fraud on the part of the grantor, is that his inability to perform renders him liable for substantial damages, the ordinary measure of which is to be computed from the value of the land as contracted to be sold. Whether the distinction between the two actions has a logical foundation, we need not inquire. Suffice it to say that it has been made by this court, and has become a rule of property right, and we adhere to it.

The case of Stearns v. Kennedy, 94 Minn. 439, 103 N. W. 212, is an action somewhat similar to the one at bar. It was there held that the vendee in a contract to convey real estate, who has paid a part of the purchase price, is the equitable owner of the land, and, if he was induced to enter into the contract by the fraudulent representations of the vendor as to the quantity of the land, he might, on discovering the fraud, either elect to stand by and affirm the contract and recover the damages sustained, or rescind the contract and recover the purchase money paid. That rule applies to the case at bar. Here it is clear that defendant cannot perform the contract by conveying to plaintiff what he bargained for, and, though its inability to perform

is not the result of any fraud or false representations on its part, still
plaintiff has the right to stand on the contract, and recover such dam-
ages as the failure and inability of defendant to perform has caused
him. The question was presented in Fleckten v. Spicer, 63 Minn. 454,.
65 N. W. 926. The court there said, in substance, after speaking of
the English rule on the subject, that the doctrine of the American
courts has been less liberal to the vendor. A general rule usually ap-
plied is that of adequate damages for the actual injury, or, as it is.
sometimes expressed, "damages for the loss of the bargain." No
fraud on the part of the grantor in that case was shown.

Our conclusions are that the uncontroverted facts in the case en-
title plaintiff to a verdict, and that it was error for the court to set
it aside. It is therefore ordered that the order appealed from be re-
versed, and cause remanded, with directions to the court below to
enter judgment for the plaintiff on the verdict.