JEROME G. WRIGHT v. JACOB C. AVENSON AND ANOTHER.[1]

March 9, 1928.

No. 26,610.

**Errors induced by defeated party will not sustain grant of new trial.**
1. The errors induced by the party against whom was the verdict will not sustain an order granting a new trial.

**Erroneous exclusion of evidence being in favor of plaintiff, he was not entitled to new trial.**
2. In the instant case, to recover damages for failure to convey, the court received evidence that the land was worth double the contract price and charged the measure of damages to be the difference between th contract price and the value of the land at the time of the breach. The pleadings admitted that plaintiff had obtained title from defendants' vendor, and appellant offered to prove that plaintiff paid less therefor than the difference mentioned. The exclusion of the offer was error but, being in plaintiff's favor, did not warrant a new trial.

**Error was prejudicial to plaintiff.**
3. But it was error prejudicial to plaintiff to permit defendant on cross-examination of plaintiff to elicit that he had sold the land at great profit.

**Measure of damages for vendor's failure to convey.**
4. The measure of damages in this case for the vendor's breach of contract to convey, where the vendee was able to obtain title, is the additional amount he paid for such title above the contract price, less the amount unpaid on the contract at the time of the breach.

**No showing that motion was heard on untimely notice.**
5. The court properly extended the time to settle a case, and the record fails to show that the motion for a new trial was heard upon improper notice.

Appeal and Error, 4 C. J. p. 348 n. 88.
New Trial, 29 Cyc. p. 778 n. 37; p. 779 n. 39; p. 1003 n. 11; p. 1009 n. 50.
Vendor and Purchaser, 39 Cyc. p. 2103 n. 1.

[1]Reported in 218 N. W. 453.

Action in the district court for Hubbard county for damages for the breach of a contract for deed. There was a verdict for defendant Roy Doran, and he appealed from an order, Wright, J. granting a new trial. Affirmed.

*James E. Doran,* for appellant.

*D. C. Carman* and *Johnston & Carman,* for respondent.

HOLT, J.

Appeal by the defendant Doran from the order granting a new trial.

The memorandum accompanying the order granting a new trial concludes thus: "It is on the ground of errors of law in the admission of evidence at the trial upon cross-examination of the plaintiff over the objection of plaintiff's counsel that the order granting a new trial herein has been made." This makes the order appealable, and subject to a reversal unless there were errors of law in the record prejudicially affecting the party against whom the verdict went. Such errors need not be confined to the one deemed and specified as such by the trial court. McAlpine v. Fidelity & Cas. Co. 134 Minn. 192, 158 N. W. 967. However the error must be one prejudicial to the party who moved for and obtained the new trial.

The question upon this appeal is somewhat beclouded by the fact that plaintiff's then attorney, now deceased, framed the issue and tried the case upon a wrong theory of damages. The learned trial court, also led astray as to the measure of damages, erred as to the admission and exclusion of evidence and in the charge. But as to these errors, with one exception hereinafter noted, plaintiff was not harmed—he brought them into the record.

The complaint alleged that defendants, in May, 1921, by contract in writing sold and agreed to convey to plaintiff by deed of warranty 36 acres of land in Hubbard county for $900, payments to be made in yearly instalments, the last of which, in the sum of $150, was due in 1925; that when all but the last instalment was paid plaintiff offered to pay that and demanded a deed, but was informed by defendants that they were unable to convey; that the land was worth $2,000 ever since the contract was made; that defendants have failed to pay back the purchase money paid by plain-

tiff, though demand has often been made; wherefore judgment was asked for $1,850 with interest. The answer of appellant, Roy Doran, was a general denial, and a defense that plaintiff at the time of entering the contract with defendant Jacob C. Avenson knew the title of the land to be in Immigration Land Company, and that subsequently thereto plaintiff received a deed thereto from said company. In reply plaintiff admitted that he was informed that the title was in the Immigration Land Company, but that defendants claimed to hold a contract of conveyance from that company. The reply also admitted that plaintiff had obtained a deed from the company, but that such deed was made for a consideration after defendants defaulted, so that the transaction by which plaintiff obtained title to the land was separate, apart and independent of the contract between plaintiff and defendants.

Under these pleadings the contract purporting to be between J. C. Avenson Land Company as vendor and plaintiff as vendee was received in evidence. The signature of the vendor was appended by J. C. Avenson. It appears that J. C. Avenson has since been adjudged a bankrupt. Although a defendant, the record fails to show that he was served with summons and no answer from him is on file. He was a witness at the trial for plaintiff, and testified that Doran was equally interested with him in the purchase and sale of this land. Doran denied any interest in the transactions other than as agent for a commission. Whether or not Doran was a partner or jointly interested with Avenson in the deal was the pivotal question. Plaintiff not only proved that he had paid $750 and had failed to obtain à conveyance under the contract, though he was ready to pay the $150 unpaid thereon, but proved that the land without improvements was worth from $1,500 to $1,800 at the time he was entitled to and demanded the deed. Defendant then offered to prove that about that time plaintiff had received good title from the Immigration Land Company upon payment to it of $648. On objection this was excluded. This was error for the reason hereinafter pointed out, but it was not prejudicial to plaintiff and therefore did not support the order granting plaintiff a new trial.

However, on cross-examination of plaintiff, defendant was permitted, over objection, to elicit that soon after the title was pro-

cured plaintiff sold the property for $4,000; that this was receiving $2,900 for the land and $1,100 for the improvement he had placed thereon, namely a cottage costing that sum. This was the error the court deemed prejudicial to plaintiff which called for a new trial. The prejudicial effect of this evidence upon plaintiff's claim for damages is apparent. The jury would show scant consideration for a litigant who, although he had been obliged to pay $500 more than he had agreed to pay for the land, had nevertheless made a profit out of it of $1,500. This fact likely caused the jury to resolve the main issue of Doran's interest in the purchase and sale of this land against plaintiff. The erroneous theory upon which plaintiff's attorney claimed damages and which he successfully induced the court to follow was not a justification for defendant's bringing to the jury's attention the handsome profit plaintiff had made on a sale of the land.

In view of a new trial the correct measure of damages to be applied upon the admitted facts in respect to this land should be indicated, if appellant is found to be a party to the contract. Although the vendor breached the contract, the vendee was able to obtain the land the vendor had agreed to convey and at about the time it was to be conveyed under the contract. He got the title from the party whom he knew to be the holder thereof at the time he entered the contract with the vendor. For breach of a contract the party wronged is entitled to compensation, but no more. In Hewson-Herzog Supply Co. v. Minnesota Brick Co. 55 Minn. 530, 536, 57 N. W. 129, it is said:

"If a party who is entitled to the benefits of a contract receives notice from the other party that he cannot perform its conditions, then it is the duty of such party to save the party in default, as far as it is in his power to do so, all further damages, though the performance of this duty may call for affirmative action."

Plaintiff, according to the complaint, was informed of the inability of the vendor to perform and, acting in accord with the principle just stated, procured good title to the land from the party he knew was the owner. Whatever he had to pay the latter above what he was required to pay under his contract, less the amount unpaid,

measures his damage or loss. If he paid $648 for the deed from the Immigration Land Company, and had paid the vendor in his contract before default $750, he was damaged or sustained a loss in round numbers of $498. In other words, he had to pay $1,398 for what the vendor had agreed to sell him for $900. The measure of damages indicated is also sustained by Crowley v. Burns B. & Mfg. Co. 100 Minn. 178, 110 N. W. 969; Baessetti v. Shenango Furnace Co. 122 Minn. 335, 142 N. W. 322.

A case directly in point is Chartier v. Marshall, 56 N. H. 478, where the vendee acquired title from another than the vendor who had no title and the amount so paid entered into the damages awarded the vendee, there being also damages on account of the vendor's wrongful conduct.

Plaintiff undoubtedly had his election to rescind and recover the payments made or to sue for damages. The case was tried as one for damages. The authorities which hold a vendee entitled to recover for the loss of his bargain are not in accord as to whether the loss is to be determined as of the time the contract was made or as of the time of the breach. They are collated in the note to Crenshaw v. Williams, 48 A. L. R. 5. The rule in Skaaraas v. Finnegan, 31 Minn. 48, 16 N. W. 456, is difficult to reconcile with that in Fleckten v. Spicer, 63 Minn. 454, 65 N. W. 926. It need not be attempted in this decision for here the only damages plaintiff sustained by the vendor's breach was the additional sum above that named in the contract that he had to pay to get good title.

Exception is taken to the action of the trial court in granting an additional stay to settle a case and in hearing the motion for a new trial upon less than full eight days' notice. Additional stay was within the discretion of the trial court. An affidavit is printed in the paper book stating that defendant's attorney appeared specially and objected to the hearing of the motion for a new trial on the ground that there was not timely service of notice. The court's order recited general appearance but no objection to the hearing. The affidavit referred to is not in the files. There is no merit in these assignments of error.

The order is affirmed.