140 So. 415

### PUGH et al. v. PUGH.
### I Div. 703.

Supreme Court of Alabama.

Jan. 21, 1932.

Rehearing Denied March 31, 1932.

---

[1] Ante, p. 224.

A. S. Johnson, of Thomasville, for appellants.

Tucker & Mabry, F. E. Poole, and Adams & Gillmore, all of Grove Hill, for appellee.

KNIGHT, J.

The complainant (appellee) filed her bill in the circuit court of Clarke county, in equity, against Woodard Pugh and others, who were the sole heirs at law of J. Manning Pugh and also of his mother Mary J. Pugh. The complainant is the widow of the said J. Manning Pugh, and the bill avers that her husband died in the year 1923, "intestate and without issue."

It is averred that about the year 1900, Mary J. Pugh owned the forty acres of land described in the bill, and during said year she made a parol gift of the same to J. Manning Pugh, and this occurred shortly after his marriage to complainant. That immediately thereafter J. Manning Pugh and the complainant took possession of the lands and retained the same to the time of his death. That after her husband's death, the respondent Woodard Pugh "wrongfully" took possession of the land and was holding the same adversely to complainant. That no proceedings had been instituted to have homestead exemptions set apart to complainant in the land, and that this land constituted all the "real property" owned by J. Manning Pugh at the time of his death and was less than $2,000 in value, and less in area than one hundred and sixty acres. The bill prayed that defendants be required to execute and deliver to complainant a deed of conveyance carrying into effect the parol gift of said land, made by said Mary J. Pugh to the said J. Manning Pugh, and upon their failure or refusal to do so, that the register be directed to execute such a deed; that the court decree that said lands constituted the homestead of said J. Manning Pugh at the time of his death, and further decree that under the law the said homestead passed to the complainant upon the death of her husband and is now her property in fee simple. There was also a prayer for general relief.

The bill, and affidavit made thereon, show that the defendants Denver Pugh, Roy Pugh, Jack Pugh, and A. E. Pugh were minors and resided with their mother, Mrs. Alice Walker, in the state of Texas, and that they constitute four of the heirs at law of Mrs. Mary J. Pugh, and, as such heirs, are directly interested in the lands, the subject of the suit. These minors were brought in by publication.

The register on the 7th day of March, 1926, made and entered an order which, after reciting the names of these minors, and that A. S. Johnson was in all respects a suitable person to act as guardian ad litem for "said infant," reads: "It is therefore ordered by the register of said court that A. S. Johnson be, and he is hereby appointed guardian ad litem in this cause for the said infant * * * defendant * * *." On the next day Mr. Johnson filed in said cause his acceptance in the following words: "I, A. S. Johnson, hereby accept the above appointment as guardian ad litem, and consent to act as such in the above cause, and denies the allegations of the bill."

After much testimony had been taken in the case, complainant amended her bill by adding at the end of paragraph 4, averment to the effect that after her husband had taken possession of the lands under the parol gift from Mrs. Mary J. Pugh, and relying upon said gift, she and her said husband made a number of permanent improvements upon said lands, in the way of buildings, fencing, and terracing, at considerable cost and outlay of money, and that these expenditures exceeded by $900 the fair rental value of the lands during the entire time they were in possession of the same. The complainant, at that time, further amended her bill by striking the entire prayer for relief therein contained, and by adding in lieu thereof a prayer that the court upon final hearing enter a decree stating the value of the improvements placed upon said lands by the complainant; and, also, decree that she has a lien upon the lands to secure the payment to her of the excess in value of the improvements, so placed on the lands, above the rental value of same, and for sale of the lands, if the ascertained amount is not paid.

Upon submission of the cause for final decree, the court rendered a decree ascertaining that complainant was entitled to be paid

the sum of $300 for the permanent improvements placed upon the lands, in excess of its fair rental value, and ordered that if said amount was not paid within sixty days that the register sell the lands, in satisfaction of the decree.

The appeal was taken by Willie Brazel and Leta Jordan, two of the defendants in the cause, and proper notice to join in the appeal, if they saw fit to do so, was given the other defendants.

In assigning error upon the record the following appears, "comes the appellants," and the assignment of error is signed, "A. S. Johnson, solicitor for appellants."

To say the least of it, the language of the order appointing A. S. Johnson guardian ad litem is uncertain and of doubtful meaning. There were and are four infant defendants, yet by this order Mr. Johnson is appointed guardian ad litem for the infant defendant, just which one we are left to conjecture. As the cause must be reversed for another reason, it is unnecessary to say more about this feature of the record.

The burden of proof in this case was upon the complainant to show to the reasonable satisfaction of the court that she and her husband had made improvements upon the lands, and the reasonable value of such improvements over the fair and reasonable rental value of the lands, before she could have the relief prayed for in the bill; that is, a decree in her favor for compensation for the improvements on the land, less the rental value of the land. She was entitled to be compensated for the value of the improvements made upon the land at the time of the trial, less the fair rental value of the land without the improvements. Griffin v. Griffin et al., 206 Ala. 489, 90 So. 907. This, of course, means that she would not be entitled to compensation for the improvements, if the fair rental value of the land equaled or exceeded the value of such improvements. We have carefully considered the evidence offered on the submission, and we are forced to the conclusion that the value of the improvements made upon the land by complainant and her husband was small, and that during their entire occupancy they paid no taxes upon the same; these taxes having been paid yearly by Mrs. Manning, the mother or by her husband. The evidence goes strongly to show that the improvements made by the complainant were at the time of the trial, and at the time of the institution of this suit, of but little value, much less than the fair rental value of the land.

We are at the conclusion that the complainant was not, under the evidence, entitled to a decree in her favor, and that the special judge erred in the decree awarding relief. Complainant's bill will be here dismissed.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.