## JAMES S. REED *v.* JAMES R. REED.

[No. 60, October Term, 1933.]

*Decided January 11th, 1934.*

The cause was argued before BOND, C. J., URNER, DIGGES, PARKE, and SLOAN, JJ.

*Edward Pierson,* with whom were *Richard E. Preece* and *Leon H. A. Pierson* on the brief, for the appellant.

*Harry E. Karr* and *Philemon B. Coulter,* with whom were *Karr & Colgan* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The appellant, James S. Reed, is the father of James R. Reed, the appellee. On February 1st, 1932, they entered into the written agreement which is sought to be specifically enforced in this suit. The agreement began with the following recitals:

"Whereas James S. Reed is the owner of all of the issued capital stock of the J. S. Reed Piano Company of Baltimore City, State of Maryland, save and except two (2) shares which are owned by James R. Reed, and

"Whereas the said James S. Reed is desirous of securing for himself and for the J. S. Reed Piano Company the services of James R. Reed, providing an equitable arrangement for the services already rendered by James R. Reed to the J. S. Reed Piano Company and to James S. Reed, and

"Whereas the said James S. Reed and James R. Reed are about to enter into a contract of employment with the J. S. Reed Piano Company, a body corporate."

The recitals were followed by these stipulations:

"1. That the parties shall retain their respective amounts of capital stock of the J. S. Reed Piano Company, which they now hold, provided, however, that James S. Reed agrees that he shall retain the stock in the J. S. Reed Piano Company, and shall not sell the same except by and with the consent of James R. Reed, nor cause to be issued any additional capital stock in the J. S. Reed Piano Company, except with the consent of the said James R. Reed.

"2. That any dividends on the stock held by James S. Reed and James R. Reed shall be pooled and divided equally between them, whenever either of the parties hereto so desires, and it at any time it shall be determined by James S. Reed that the business is being conducted unprofitably, and that it is deemed ad-

visable in his judgment to liquidate said corporation, known as the J. S. Reed Piano Company, same shall be done and the profits, assets and accumulated surplus shall be divided equally between James S. Reed and James R. Reed.

"3. That upon the death of James S. Reed, James R. Reed shall receive all of the capital stock of the J. S. Reed Piano Company then owned by James S. Reed, and this agreement shall be considered an authorization and direction to the personal representatives of the said James S. Reed to forthwith assign on the books of the corporation and by delivery of the stock certificate, the said stock unto James R. Reed, and the said James S. Reed has this day assigned the shares of capital stock owned by him in the J. S. Reed Piano Company to Richard E. Preece, Trustee, with the power to said Trustee, upon the death of the said James S. Reed to transfer and convey his capital stock in the J. S. Reed Piano Company to James R. Reed.

"4. James R. Reed agrees to remain in the service of the J. S. Reed Piano Company, so long as same shall continue to be a corporation, and that he will pool the dividends of his stock with that of James S. Reed.

"5. And it is further agreed by James S. Reed and James R. Reed that each will annually or from time to time renew their contract of employment with the J. S. Reed Piano Company for a salary of not less than Seventy-five ($75.00) Dollars a week and that neither party hereto shall be paid as a salary by the J. S. Reed Piano Company a greater sum than Seventy-five ($75.00) Dollars per week.

"6. It is agreed by James S. Reed and James R. Reed that the J. S. Reed Piano Company shall make no lease for salesrooms and shops for a greater rental than Five Hundred ($500.00) Dollars per month, except by the mutual agreement of both parties hereto."

About a year after the execution of the agreement, this suit in equity was brought by James R. Reed for the purpose of enforcing the provision in regard to the transfer and de-

posit in trust of the shares of stock owned by James S. Read in the J. S. Reed Piano Company. The amended bill of complaint, after summarizing the agreement, alleged that since its execution the defendant had failed to assign his shares of the stock to the designated trustee, or to fulfill the terms of the contract in any other respect, and that the plaintiff has been ready, able and willing to perform the obligations thereby imposed upon him, but has been prevented from doing so by the defendant's "acts and omissions". The bill prayed that the court pass an order requiring the defendant to transfer his shares of stock in the piano company to Richard E. Preece, in trust for the plaintiff, subject to the provisions that any dividends on the stock should be paid to the defendant during his life, and upon his decease the trustee should convey the shares to the plaintiff, but that if at any time during the period of the trust it should be determined by the defendant that the business of the company was being conducted improperly and that it was advisable to liquidate the corporation, then the trust should cease, and the trustee should retransfer the shares of stock to the defendant, and the corporate profits, surplus and liquidated assets should be deposited with the trustee to be equally divided between the defendant and plaintiff in accordance with the agreement.

A demurrer to the bill was overruled, and from the order to that effect the defendant has appealed.

In our judgment the demurrer should have been sustained. The suit is directed to the enforcement of a contract providing, as one of its essential purposes, for the rendition by the plaintiff of personal services. The performance of such a duty on his part could not be compelled by a specific enforcement suit instituted by the other party to the contract. This want of mutuality with respect to such an equitable remedy renders it unavailable to either of the parties, the contract being executory as to all of their respective duties under its provisions. 2 *Pomeroy's Equity Jurisprudence* (2nd Ed.), p. 4894; 25 *R. C. L.*, pp. 232, 303, 305; 58 *C. J.*, pp. 866, 1056; *Miller's Equity Procedure*, p. 791;

*Reed & Fibre Products Corp. v. Rosenthal,* 153 Md. 501, 518, 138 A. 665; *Sterback v. Robinson,* 148 Md. 24, 32, 128 A. 894.

It is argued for the plaintiff that the agreement of the defendant creating a trust of his stock for the plaintiff's future benefit was in consideration of services previously performed. This argument relies upon the recital that the defendant was desirous of securing for himself and his company the services of the appellee, "providing an equitable arrangement" for the plaintiff's "services already rendered". But that equitable arrangement was inseparably connected with a stipulated employment of the plaintiff to serve the defendant and his corporation in the future. The employment thus provided for, and the trust proposed to be enforced in this suit, were to have a prospectively coincident operation. It is clear that, while the creation of the trust was prompted partly by the father's appreciation of his son's past services, its chief purpose was to ensure his continuing aid in the corporate business for an indefinite number of years.

The appellee's brief expresses the further view that lack of mutuality of remedy is not available as a defense in this case, on demurrer, because the bill alleges that performance by the plaintiff was prevented by the defendant. The allegation on that subject has been quoted. In our judgment it presents no sufficient ground for excepting this case from the effect of the general rule against the prosecution of a suit for specific performance when a mutuality of remedy does not exist.

It is also argued that under the prayer for general relief the bill is maintainable for the purpose of effectuating the trust to which it refers. This is essentially a suit for specific performance, and it is not exempt from the limitations of such a remedy because the ordinary jurisdiction of equity might be applicable to an effective trust arising under the agreement sought to be enforced.

*Order reversed, with costs, and bill dismissed.*