SCOTT ET AL. *v.* WHITE ET AL.

[No. 137, October Term, 1947.]

*Decided April 22, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Harry M. Sachs, Jr.,* and *James C. Burch,* with whom were *Sachs & Sachs* on the brief, for the appellants.

*Martin Beerman* for the appellees.

MARBURY, C. J., delivered the opinion of the Court.

The appellees, son-in-law and daughter of the appellants, owned a leasehold property, 523 Sanford Place, in Baltimore City. It is alleged in the bill of complaint that on May 1, 1941, they agreed with the appellants, complainants below, that if the appellants would move in the premises, bringing their household furniture and equipment and residing there for the remainder of their lives, and if Josephine Scott, one of the appellants, would do all the work, washing, ironing, cooking, marketing and other duties for the entire household, so that both of the appellees could be profitably employed, the appellees would give the appellants a home in the premises for the remainder of the joint lives of the appellants or the lifetime of the survivor. The appellants were to contribute in addition to the services above mentioned, one-half of the cost of the food, heat, gas, light, telephone, repairs and improvements, and $5.00 a week as a contribution to the payment of the indebtedness existing against the property. It is also alleged that the appellees agreed to put the appellants' name on the deed, evidencing the agreement.

The bill of complaint further alleges that the appellants, in compliance with the above agreement, moved from their apartment into the premises, with the household furniture and equipment, which furnished the entire house, with the exception of three pieces of furniture in the living room and four pieces in the bedroom, and that they have lived there ever since. That Josephine Scott has performed all the household duties required of her by her undertaking, and that the complainants have further contributed the one-half of the costs they were required to contribute, and that in addition they have improved and repaired the property to the extent of $825. These improvements are itemized in the bill. It is also stated that Josephine Scott was employed for three hours a day at $10 a week when she moved in, but she gave up that employment and devoted her entire time to the

household. And that the appellants contributed $5 a week towards the indebtedness for 234 weeks, making a total of $1170, but that this payment stopped at the end of 1945 when the appellees waived it. The appellants also state they have requested that their names be placed on the deed, but this has been refused, that the appellees moved out of the premises on February 20, 1947, and advised the appellants that they were going to sell the property as they could get $8000 for it, and that the appellees have refused to assign appellants an interest in the property, have refused to compensate them for the improvements, and have refused to repay them the sum of $1170 contributed towards the indebtedness. The appellants allege they are without adequate remedy at law. They ask for an injunction to prevent the conveyance of the property or its encumbrance, that the property be impressed with a lien for their benefit for the improvements and repairs and money paid out on account of the indebtedness, taxes, etc. and impressed with a trust to the extent of their interest therein.

To this bill the appellees demurred on the ground that the agreement lacks mutuality and is therefore unenforceable, that the improvements were ordinary maintenance items, most of which did not accrue within three years before the filing of the bill. The chancellor sustained the demurrer without leave to amend on the ground that the contract calls for the rendition of personal services, the courts have no jurisdiction to enforce such a contract, and therefore the remedy is not mutual.

In so holding, the chancellor was undoubtedly correct, as far as he went, under the decisions of this Court. *Reed v. Reed,* 165 Md. 604, 169 A. 798; *Fitzpatrick v. Michael,* 177 Md. 248, 9 A. 2d 639. And we think his conclusion would have been correct, had the only question before him been the specific performance of the contract. But we think the case falls in another category.

Where contracts are unenforceable because they come within the prohibition of the statute of frauds, or lack

mutuality, or there is some other legal impediment, and where the legal remedy to the injured party is inadequate, it has been held by this Court and by other jurisdictions, that it would be inequitable not to redress the injury done in some way. Consequently, the cases have been retained for the purpose of ascertaining how far relief may be granted by enforcing a lien against the property or declaring that a trust exists over it for the benefit of the injured party, to the extent of advances made for improvements or of the purchase price, or other permanent payments, or additions made to it. Two recent cases in which this principle has been applied are *Boehm v. Boehm,* 182 Md. 254, 34 A. 2d 447 and *Krauss v. Litman,* 189 Md. 394, 56 A. 2d 37. The basis of these cases is that it would be a flagrant injustice to permit a party to receive all the benefits of an unenforceable contract and to escape with them, leaving the other party with no remedy whatever.

Here we have allegations that the appellants not only did everything they were required to do, but they improved the property and paid a considerable sum on the mortgage indebtedness. If the property can now be sold and the appellees can pocket the proceeds, thus effectually dispossessing the appellants and causing them to lose what they have put into the property, it would be the rankest sort of injustice. To hold that nothing can be done under these circumstances, would be to confess the impotence of the court, and the court is not impotent. The appellees should be required to answer and upon a hearing of the case, if it is proved that the payments were made as stated, and that permanent improvements were placed upon the property, then a decree should be passed making the amount of such disbursements a lien upon the property, subject, of course, to such of the mortgages as were on the property at the time the agreement was made. The appellant, Josephine Scott, asks no compensation for the services she performed, so no question arises as to this, and we do not

now attempt to pass upon the validity of any of the items which the appellants claim to have furnished. That is a matter for the chancellor to determine at a proper hearing. The appellants, however, were not tenants and what they did in the way of making payments on the mortgage and improving the property, was not the kind of expenditure which tenants usually make, and not the kind of expenditure which would be of any benefit to the appellants unless they continued to occupy the property. Since we cannot decree the latter, it is only equitable that they should be reimbursed for what they expended under an agreement which the appellees are no longer willing to carry out.

The decree will be reversed with costs, and the case remanded for further proceedings in accordance with this opinion.

*Decree reversed with costs and case remanded.*