JOHN ELMER HERSHBERGER, III ET UX. *v.*
JOHN ELMER HERSHBERGER ET UX.

[No. 356, September Term, 1976.]

*Decided December 30, 1976.*

The cause was argued before THOMPSON, POWERS and LOWE, JJ.

*Deborah B. Bacharach*, with whom was *Irvin J. Brodsky* on the brief, for appellants.

*Sidney Kaplan* and *Arthur Guy Kaplan* for appellees.

THOMPSON, J., delivered the opinion of the Court.

John E. and Louise Hershberger filed a bill of complaint in the Circuit Court of Baltimore City to compel the return of $26,513.65 from their son and daughter-in-law, John E. and Linda Hershberger, III, appellants. From a decree issued by Judge Harry A. Cole, providing for the return of the entire

sum without interest or set-offs, the second generation Hershbergers appeal, questioning whether the lower court has matched the appropriate remedy to its finding of fact.

In 1972, Mr. Hershberger, Sr. decided to move to Colorado. In an attempt to adequately provide for his wife, Louise, who was to remain in Maryland, negotiations were initiated with Mr. & Mrs. Hershberger, III. An oral agreement was reached whereby the Hershbergers, Sr. would sell their home on Manhattan Avenue, turn the entire proceeds over to the Hershbergers, III, who in return were to provide Louise with a room in their home, a car, food, and $10.00 or $15.00 a week spending money for the remainder of her life. The Manhattan Avenue property was sold and $26,513.65 was turned over to the son and daughter-in-law. In addition Mrs. Hershberger, III admitted that $2900.00 held in escrow from the sale of the Manhattan Avenue property was transferred to the younger Hershbergers. They used the money to put a $17,500.00 down payment on a new home in Carroll County. An additional $3,500.00 or $3,600.00 was expended for the installation of an extra bedroom and bathroom for Louise and a special kitchen floor. Mr. & Mrs. Hershberger, III and Mrs. Hershberger, Sr. moved into the new home and Mr. Hershberger, Sr. left for Colorado.

After moving into the new home, the younger Hershbergers put a down payment of $1,881.26 on a new car for Louise. They continued to make payments on the automobile so that at trial only $288.00 was still outstanding. They provided her with food, an allowance, and other necessities.

Unfortunately, friction arose between the two generations to such an extent that Louise was told to vacate the premises. The trial court found that through no fault of her own Louise was forced to leave home involuntarily. The appellants do not challenge the finding of the trial court that they breached the agreement, but contend that the amount of money expended on behalf of Louise should be set off from the $26,513.65.

There is no question that a court of equity has the power to require the return of the $26,513.65, even where the

agreement is unenforceable at law, if it is deemed that this relief would be just. *Scott v. White*, 190 Md. 389, 58 A. 2d 490 (1948); *Long v. Huseman*, 186 Md. 495, 47 A. 2d 75 (1946); and *Hartsock v. Strong*, 21 Md. App. 110, 116-118, 318 A. 2d 237 (1974). It is also true that if the circumstances so dictate the appellants should be compensated for the care already given Mrs. Hershberger, Sr. *See Brandenburg v. Harshman*, 193 Md. 104, 112, 65 A. 2d 906 (1949).

In our view compensation is not necessarily required in the instant case. By the agreement the appellants were to provide food, a car, and an allowance.[1] According to the appellants' expense account this amounted to $5,184.72.[2] For this, the appellants have received the use of $26,513.65 for two years interest free, and the $2,900.00 in the escrow account. It must also be remembered that it is the appellants who have breached the agreement a mere two years after it was made. When an agreement such as the one at bar is made, solely from a monetary standpoint, each party takes a risk. If Mrs. Hershberger, Sr. had died one day after the agreement was reached, the Hershbergers, III would have received $26,513.65 and given up almost nothing. On the other hand if Mrs. Hershberger, Sr. lives for thirty years the compensation she receives would be far in excess of the $26,513.65. If the Hershbergers, III are allowed to breach the agreement and deduct the expenditures, then they take no monetary risk at all, for as soon as the expenditures reach the initial sum Mrs. Hershberger, Sr. could be evicted from the home and receive no compensation.

Appellants also argue that the chancellor should have imposed a lien on their property and directed them to pay Mrs. Hershberger interest thereon for life as the court imposed in *Long v. Huseman, supra*. What was just in 1946 in a different case is not necessarily just today in the instant

---

1. They were also required to provide a room. While they spent approximately $3,000.00 building a bedroom and bathroom in the basement of their home, these expenses were an improvement on their home which increased the value. For the reason that these expenses are off-set we have left them out of the calculations.

2. While the appellants have listed additional expenses, they were not required by the agreement; thus they should not be considered.

case. Interest at 6% on $26,513.65 would amount to less than $1,600.00 per annum; much less than the amount the appellants were spending while complying with their agreement. It must be remembered that Mrs. Hershberger, Sr. who has virtually no assets except for her automobile and the judgment in this case, is now in a position where she must search for a new place to live, after having been evicted from her former residence through no fault of her own. The trial court could have rightfully considered the problems she will face supporting herself, in addition to the monetary considerations, when balancing the scales of justice.

*Decree affirmed.*
*Appellants to pay the costs.*