W. R. DODGEN, plaintiff in error, vs. E. J. & R. A. CAMP, administrators, defendants in error.

1. Where a parol contract is made for the purchase of land, to be paid for by installments, and the purchaser enters into possession under the contract, with a stipulation that if he should fail to pay the first installment when it became due, then he was to pay $50 as rent, (for which he gave his note at the time he went into possession,) but if he paid the installments promptly, then no rent was to be charged, but his note was to be considered as for a part of the purchase money; and the vendor died before the first payment fell due; whereupon his administrators, on tender of payment at the time appointed, refuse to accept the money as payment on the contract, and afterwards rent the land at public outcry to the purchaser, and receive $50 from him, subject to future adjustment between them, and subsequently received from him, through their attorney, $50 50, also to be accounted for, and the administrators finally conclude not to carry out the parol agreement of their intestate for the sale of the land, but sell it at administrator's sale to the same purchaser, and require full payment of him, without allowing any credit on the purchase money of the amounts paid before the administrator's sale, retaining the whole of it as rent for the occupancy of the land from the time purchaser went into possession under the parol contract of sale until the administrator's sale; the purchaser is entitled to recover back the amount of his note given under the parol contract of sale. The purchaser having gone into possession under the parol agreement, and given his note for $50, to be treated as part of the purchase money upon condition, and he having complied with the condition required, the vendor, or his representatives, must comply with the contract, or repudiate it entirely. And if they repudiate it entirely, it would be a fraud upon the purchaser, who went into the possession under the parol agreement to buy, to hold him liable

for the rent of land, which he might, perhaps, never have consented to occupy, but for the prospect of purchase held out to him. The administrators, however, are entitled to retain the amount of the rent due under their contract of rent with the plaintiff.

2. This not being a suit to enforce a contract, one of the parties to which was dead, but an *indebitatus assumpsit* to recover back money paid to the administrators on the contract, on account of their repudiation of it—that contract not being in issue or on trial, the surviving party to it was a competent witness in his own favor in the present suit.

3. The jury having found for the plaintiff the whole amount sued for, to-wit: $100 50, not allowing the administrators anything for rent under their contract of rent for 1869, the judgment of the Court granting a new trial is reversed, upon condition that the plaintiff will write off all of said verdict but the amount of his note given to the intestate.

Parol sale of land. Rescission. Witness. Before Judge KNIGHT. Milton Superior Court. March Term, 1871.

For the facts of this case, see the opinion.

THOMAS L. LEWIS, represented by H. P. BELL, for plaintiff in error.

No appearance for defendants.

MONTGOMERY, Judge.

The facts necessary to understand the decision in this case are as follows: Dodgen agreed in the autumn of 1867 to buy of A. F. Camp three lots of land for $300 00, one-half payable in the autumn of 1868, and the other in the autumn of 1869. He gave his note for $50 00, to be considered as for rent if the installments of the purchase money were not promptly paid, but as part payment if the installments were promptly met, and no rent in that event was to be charged. This agreement was in parol.

A. F. Camp died before the first installment became due. E. I. and R. A. Camp administered. At the time the first installment became due, Dodgen tendered the full amount of that installment to E. I. Camp. He declined to receive it as payment on the contract. Afterwards the administrators offered to rent the land for 1869. Dodgen said he would for-

bid the renting. The administrators then consented to receive $50 00 of the money and call it for the present rent, and agreed that they would make arrangements in some way for him to have it applied as a payment on the land, as Dodgen testifies. The administrator, E. I. Camp, in his testimony denies that there was any agreement to apply the money to the payment of the land. At the time the $50 00 was paid to the administrators, they rented the land at public outcry for the year 1869, and Dodgen became the renter, at $50 00. In the spring of 1869 Dodgen paid the attorney of the administrators $50 50 more for his clients.

The administrators finally refused to comply with the parol agreement for sale of the land made by their intestate with Dodgen, and sold two lots of the land at administrator's sale, (when, the record does not accurately inform us,) and Dodgen bought. He sought to have himself credited with the $100 50 paid by him before the administrator's sale, but this the administrators refused. He then paid for the land the amount bid by him, received his titles and brought the present suit to recover the $100 50 paid as above stated to the administrators and their attorney for them. The defense is that Dodgen owed $50 00 for his rent note, given to the intestate of defendants as aforesaid, and $50 00 as rent due the administrators for the year 1869.

The jury found $100 50 for the plaintiff. A new trial was moved and granted, " on the ground that the jury may have been under a mistake in the question of rent involved in this case."

Among the grounds for new trial was the admission of Dodgen as a witness, he being objected to because A. T. Camp, with whom he made the contract for the purchase of the land, was dead, and Dodgen, therefore, incompetent under section 3798 of the Code.

Under the foregoing facts the judgment of the Court is as follows:

Where a parol contract is made for the purchase of land, to be paid for by installments, and the purchaser enters into

Dodgen *vs.* Camp.

possession under the contract, with a stipulation that if he should fail to pay the first installment when it became due, then he was to pay $50 00 as rent, (for which he gave his note at the time he went into possession;) but if he paid the installments promptly, then no rent was to be charged, but his note was to be considered as for a part of the purchase money; and the vendor died before the first payment fell due; whereupon his administrators, on tender of payment at the time appointed, refuse to accept the money as payment on the contract, and afterwards rent the land at public outcry to the purchaser, and receives $50 00 from him, subject to future adjustment between them, and subsequently received from him, through their attorney, $50 50, also to be accounted for, and the administrators finally conclude not to carry out the parol agreement of their intestate for the sale of the land, but sell it at administrator's sale to the same purchaser, and require full payment of him, without allowing any credit on the purchase money of the amounts paid before the administrator's sale, retaining the whole of it as rent for the occupancy of the land from the time the purchaser went into possession, under the parol contract of sale, until the administrator's sale, the purchaser is entitled to recover back the amount of his note given under the parol contract of sale. The purchaser having gone into possession under the parol agreement, and given his note for $50 00, to be treated as part of the purchase money upon condition, and he having complied with the condition required, the vendor, or his representatives, must comply with the contract or repudiate it entirely. And if they repudiate it entirely, it would be a fraud upon the purchaser, who went into the possession under the parol agreement to buy, to hold him liable for the rent of land, which he might, perhaps, never have consented to occupy, but for the prospect of purchase held out to him. The administrators, however, are entitled to retain the amount of the rent due under their contract of rent with the plaintiff.

This not being a suit to enforce a contract, one of the parties to which was dead, but an *indebitatus assumpsit* to recover

back money paid to the administrators on the contract, on account of their repudiation of it, that contract not being in issue or on trial, the surviving party to it was a competent witness in his own favor in the present suit.

The jury having found for the plaintiff the whole amount sued for, to-wit: $100 50, not allowing the administrators anything for rent under their contract of rent for 1869, the judgment of the Court granting a new trial is reversed upon condition that the plaintiff will write off all said verdict but the amount of his note given to the intestate.

Judgment reversed.