(90 South. 907)

**GRIFFIN v. GRIFFIN et al.** (7 Div. 201.)

(Supreme Court of Alabama. Oct. 20, 1921.)

**I. Appeal and error ⟐1040(10)—Any error in overruling demurrer held harmless in view of cross-bill.**

Any error of the court in overruling a demurrer to a bill for specific performance of a verbal gift of real estate, or to quiet title, or to declare a lien for value of improvements, was not prejudicial, where the court only awarded compensation for improvements, less the rental value of the land; defendant having made his answer and cross-bill seeking such rent without questioning complainant's right to compensation for improvements.

**2. Specific performance ⟐41, 128(3)—Parol gift of land not enforced though donee improved premises.**

A court of equity is not authorized to grant specific performance of a verbal gift of land to one who went into possession and made valuable improvements, but may award compensation to the donee, or his representative, for the improvements, less the rental value sought by defendant in a cross-complaint.

**3. Specific performance ⟐128(3)—Party entitled to compensation entitled to value of improvements less fair rental value.**

In suit for specific performance of verbal gift of land, which donee improved, where defendant in cross-complaint prayed for rental value, the court in denying specific performance and awarding compensation for the improvements should allow plaintiff the value of the improvements, less the fair rental value of the land without the improvements, and the amount should not be confined to what was actually paid out so as to exclude labor and work done by the donee in making the improvements.

**4. Appeal and error ⟐187(3)—Decree not reversed because of absence of party where no objection made below.**

In action by heirs for specific performance of verbal gift of land, a decree for complainants for the value of improvements made by their deceased should not be reversed for absence of an administrator, where the property involved was all the property owned by the decedent, who left no debts; the question not being raised by demurrer, and the court having no authority to raise it.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Bill by Rena Griffin and another against Jerry Griffin. Decree for plaintiffs, and defendant appeals. Affirmed.

The bill charges that the complainants are respectively the widow and minor child of J. M. E. Griffin, who died intestate in Etowah county, leaving no property other than that herein described, and that complainants are his sole heirs at law, that there are no debts, and that no administration has been had on the estate. That at the time of his death the said J. M. E. Griffin was in possession of and resided on a certain lot, described as lot 1 in block 8, Stewart addition to the city of Attalla having a residence thereon, which was the homestead of said Griffin, and complainants resided' thereon with the said deceased, and that complainants are now in the possession of the said real estate. That prior to the death of J. M. E. Griffin, he took possession of said real estate, under a parol gift from Jerry Griffin, his father. That in pursuance of said gift of said lot, and upon the full understanding that it was his, he

erected thereon at great expense to himself the said house now occupied by complainants, and also made other substantial improvements, and minor improvements, for which he paid during his life. It is alleged, also, that complainants are uninformed as to whether Jerry Griffin executed said gift by making and delivering a deed to said parcel of land to the said J. M. E. Griffin, that no such instrument can be found among his papers, and it is not of record in the probate office, but complainants are informed that such a deed was executed, and on such information and belief they charge that such instrument was made and delivered. The prayer is, in the alternative, either to quiet title in complainants or to declare a lien charging the land with the full value of the improvements and for general relief. The respondent demurred upon the ground of multifariousness, in that it was a joint suit to quiet title with a suit to specifically enforce a verbal gift of real estate, and also a joint suit for specific performance with a suit to charge the same real estate with the value of the improvements. Other demurrers were interposed, and a cross-bill was filed setting up that the deceased was liable to account for rent and that an administration on his estate was necessary. The court decreed title in Jerry Griffin, but fixed a lien on the land for the amount of the present value of the permanent improvements, less the amount of the value of the reasonable rent for the land for the time it was occupied.

O. D. Street, of Guntersville, for appellant.

A bill to quiet title and to compel conveyance are obviously inconsistent. 142 Ala. 405, 38 South. 262; 189 Ala. 124, 66 South. 506; 75 Ala. 364. As a bill to quiet title it is insufficient, and is also insufficient as a bill for specific performance. 59 Ala. 591; 75 Ala. 363; 205 Ala. 91, 87 South. 346; 121 Ala. 580, 25 South. 631; 19 Ala. 398; 23 Ala. 649; 70 Ala. 276. So long as complainants are in undisputed possession of the land, they cannot file a bill for reimbursement. Authorities supra. It is certain that complainants must account for the rent, and the failure to offer to do so renders the bill demurrable. 202 Ala. 331, 80 South. 413. An administrator was necessary. 77 Ala. 603; 129 Ala. 214, 29 South. 920.

E. O. McCord & Son, of Gadsden, for appellees.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J. [1] The appellant cannot complain of the action of the trial court in overruling his demurrer to the bill of complaint as he suffered no injury thereby. In other words, the trial court denied the complainants relief both as to quieting title and specific performance, and the only relief awarded was in allowing the complainants compensation for the improvements on the land, less the rental value of the lot, as a condition precedent to the relief sought by the respondent by way of cross-bill. The respondents' answer was not a mere traverse of the bill of complaint, but was made a cross-bill and sought affirmative relief, under the authority of Jenkins v. Jonas Schwab Co., 138 Ala. 664, 35 South. 649; Cheney v. Nathan, 110 Ala. 254, 20 South. 99, 55 Am. St. Rep. 26. The said cross-bill did not question or deny the complainants' right to compensation for improvements, in case there was a parol gift of the lot, but sought to get the benefit of rents in the event compensation was allowed for improvements. Moreover, the trial court had the authority and it was its duty to require the cross-complainant to do equity as a condition precedent to the relief sought and granted under the cross-bill, and which merely required him to pay the value of the improvements made upon the land by the donee, less the rent of the lot before a restoration of the possession under the title adjudged to be in the cross-complainant.

[2] While the evidence established to the satisfaction of the trial court, and with which we are in accord, that there was a parol gift of the lot from Jerry Griffin to his son, who went into possession and made valuable improvements upon same, these facts did not warrant or authorize a specific execution of the gift by a court of equity, but did authorize the award of compensation to the donee, or his representative, for the improvements, less the rent as a condition precedent to the affirmative relief sought by the cross-complainant. Evans v. Battle, 19 Ala. 398; Pinckard v. Pinckard, 23 Ala. 649.

[3] The trial court in awarding compensation for the improvements, less the rent, seems to have applied, by way of analogy, section 3847 of the Code of 1907, and which we are inclined to think is equitable, notwithstanding said section applies to adverse holders of land in actions of ejectment. Cases dealing with the rights of purchasers to compensation for improvements in case of a failure to secure a specific performance are quite numerous. Jonas v. Gainer, 157 Ala. 221, 47 South. 142, 131 Am. St. Rep. 52, and cases there cited. They use the words, "compensation," "reimbursement," "pay for improvements," etc., as well as "reimbursed for what was expended." We do not think, however, that any of them intend to confine the amount to what was actually paid out, as that would exclude labor and work by the party in making the improvements; but are of the opinion that they intended to compensate the party for the value of the improvements made upon the land at the

time of the trial less the fair rental value of the land without the improvements.

[4] We do not think that this case should be reversed because of the absence of an administrator, as the bill averred that this was all the property owned by the decedent and this question was not raised by demurrer. Nor can the point be taken by the court because of the absence of an indispensable party, as the proof shows that the decedent left no debts, and these respondents to the cross-bill are his only lawful heirs.

The decree of the circuit court is affirmed. Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.