## HARVEY *v.* DANIELS.

(Division A. June 25, 1923.)

[96 South. 746. No. 22851.]

FRAUDS, STATUTE OF. *Land contract, though within statute of frauds and unenforceable not void; until its affirmance by vendor of land contract within statute of frauds, relation of parties that of vendor and purchaser, and not that of landlord and tenant; vendor, disaffirming land contract within statute of frauds, not entitled to recover from purchaser for use and occupation of premises for period between making of contract and disaffirmance.*

A contract for the sale of land, although within the statute of frauds and unenforceable, is not void, and until disaffirmed the relation between the parties is that of vendor and vendee, and not that of landlord and tenant; and where the vendor disaffirms the contract he is not entitled to recover from the vendee for the use and occupation of the premises during the period between the making of the contract and its disaffirmance.

Appeal from circuit court of Humphreys county.
HON. S. F. DAVIS, Judge.

Action by J. B. Daniels against Robert Harvey. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*Mortimer & Sykes,* for appellant.

Daniels sold Harvey, verbally, a house and lot in Belzoni for the sum of three hundred dollars. Ten dollars ($10) was paid in cash and the balance of three hundred dollars, was to be paid monthly until the whole sum was paid. Thereafter Harvey did make payments on the purchase money and when he had paid him (Daniels) two hundred and eighty three dollars, tendered him the additional seventeen dollars and demanded his deed. Daniels refused to give him the deed and thereupon demanded back his property. Subsequently he brought an action

of ejectment against Harvey for the possession of his property, and also demanded rents from Harvey for the same during the time Harvey had been living in it, and also demanded five hundred dollars as damages.

. It must be borne in mind that at the time Harvey entered into the possession of the premises he did not enter thereon as a tenant but as a purchaser, under a perfectly valid contract. A contract which does not comply with the statute of frauds is not void. It is merely unenforceable and while this contract could not be enforced by Harvey, yet it was a valid contract, and having entered upon the premises as a purchaser he could not be held to Daniels for any rent or damages prior to the time the contract was rescinded. Bear in mind that Harvey was at all times willing and anxious to carry out the contract, and that Daniels, the vendor, was the party who refused to carry it out.

When the vendee has been let into possession of land under an oral contract of purchase and refused to complete the contract, he is liable for the reasonable value of the use of the premises during his occupancy . . . It is otherwise, however, where the vendor is the one who refuses to perform and takes advantage of the defense of the statute: In such a case the vendee cannot be held liable for use and occupation prior to the vendor's disaffirmance of the contract. 25 R. C. L., 720, sec. 336, and authorities cited; 25 R. C. L., 725, sec. 372, and authorities; L. R. A. 1916 D., 469; *Grainger* v. *Jenkins* (Ky.), L. R. A. 1915 E, 405; *Bancroft* v. *Woodwell*, 13 Johnson, 489; *Patterson* v. *Stoddard*, 47 Me. 355, 74 Am. Dec. 490; 25 R. C. L. 731, sec. 379.

Certain charges to the jury were erroneous in that they fail to instruct the jury that Daniels was entitled to recover no rent for the time the property was occupied by Harvey prior to June 28, 1920, which was the time Daniels rescinded the contract, also the charges are erroneous because Harvey was liable for no damages to the property prior to June 28, 1920, at which time he occupied it as

a purchaser and not as a tenant, and the testimony shows that the only damage Daniels ever suffered was the deprivation of the use of his property from the 28th of June, 1920, to August 23, 1921, which was the time the suit was tried, and the damage for this could be only the reasonable rental value for the property for that time, and in his declaration he expressly limited his damages for the rent subsequent to June 28, 1920, at one hundred dollars. Therefore, the jury should not have been authorized to return a verdict in his favor for any damages other than the rental value from June 28, 1920, which he limited at one hundred dollars and the five hundred dollars referred to in the instructions was all together erroneous both under the law and the evidence.

*H. F. Jones,* for appellee.

I would be ready to grant the contention and right of the appellant to recover the payments if there were no fault on his part, but no fault is shown in the vendor until the 28th day of February, 1920, when the contract should as laid in its terms, when he was still in default seven months' payments. Under the contract which defendant relies upon, the evidence here, and the specific terms of his oral contract, as alleged by him, discloses that he was the first to breach it, not once but from the first, and if this be held to have been waived by the receipt by the vendor, Daniels, of payments, the final breach was his failure to pay at the expiration of the term, January 1, 1920.

For cases referring to the rights of a vendor as to recovery of purchase money paid, where the vendee fails or refuses to perform the contract, reference is here made to the very exhaustive notes under *Hurley* v. *Anicker,* L. R. A. 1918 D, 540.

Plaintiff is entitled to recover rents from the date of institution of the suit to the date of trial, and this was not enforced but abandoned in instructions, which

upon another trial could be recovered.  *Dean* v. *Tucker,*
58 Miss. 487; *Y. & M. V. R. R. Co.* v. *Lakeview Traction
Co.,* 56 So. 393.

The measure of damages is compensation for time plain-
tiff was out of possession of the premises, 19 C. J. 1241,
before action is brought.   Defendant was allowed by
plaintiff the amount of his improvements in the sum of
forty dollars and fifty cents, which, under the facts of
the case was error, and which upon another trial he would
be unable to recover, not being a *bona-fide* holder.  *Holmes*
v. *McGee,* 64 Miss. 129, 8 So. 169; *Citizens Bank* v. *Cona-
tura,* 62 Miss 825.

Appellant quotes from R. C. L. the case of *Cook* v.
*Griffith,* in the notes thereunder, where this principle is
stated, to which we have no objection: "It is settled with
practically no dispute that the purchaser of land, or an
interest therein, under a contract which does not satisfy
the statute of frauds may recover, as upon an implied
promise, the amount he has paid, as a deposit, or upon the
purchase price, where, without fault on his part, the ven-
dor refuses, or is unable, to perform the contract by con-
veying the title or interest as the contract calls for," cited
in L. R. A. 1916 D, 469.

Reverting to *Hurley* v. *Anicker,* and the exhaustive
notes thereunder, it will be seen the rights of the vendor
where the vendee is in default under the terms of the con-
tract of sale. L. R. A. 1918 B, 540.  Where time is the
essence of the contract, and therein it is agreed, as in the
instant contract, that in default of payment according
to the terms, as therein set forth, the payments shall be
forfeited to the vendor, what right has the vendee to seek
any advantage of such a contract, and yet seek to deny
its liabilities.

We have here the extraordinary situation of a vendee
who has contracted orally for the purchase of real estate,
paying for same monthly less than the reasonable rental
therefor, breaching the contract from first to last, occupy-
ing the premises four years, paying less than half its

value, producing in court the contract and exhibits dis-
closing his own default, and asking the court to ignore
his own forfeiture of the contract and return to him the
small amount he has put into the venture, out of which
he has so excellently profited. *Hansborough* v. *Peck*, 5
Wall. (U. S.) 497, 18 L. Ed. 520, says: "Under a land
contract in which time for payment of the purchase price
is of the essence, and which contains a stipulation that it
is to be of no further binding effect, and that all pay-
ments shall be forfeited, in case of default by the vendee,
where the vendee makes default or refuses to perform,
he cannot, while thus in default, recover payments there-
tofore made on the purchase price."

ANDERSON, J., delivered the opinion of the court.

Appellee, J. B. Daniels, brought ejectment in the cir-
cuit court of Humphreys county against appellant, Rob-
ert Harvey, for a house and lot situated in the town of
Belzoni, and for damages for the use and occupation of the
same. Appellee recovered judgment for the property,
and also rental as damages for its use and occupation
from the time appellant went into possession until the
trial of the cause, from which pudgment appellant prose-
cutes this appeal.

Appellee and appellant entered into a verbal contract
of sale by the terms of which the former agreed to sell the
latter the lot involved in this cause for the sum of three
hundred dollars, to be paid in monthly installments of
ten dollars, beginning with a cash payment of that a-
mount. Appellant went along making payments until he
had paid appellee the sum of two hundred and eighty
three dollars, leaving a balance of purchase money due
of seventeen dollars which appellant tendered to appellee,
who declined to accept the same, and declared the con-
tract at an end, and demanded possession of the property.

It will be seen at once that, on account of the contract
evidencing the sale of the property involved being verbal,

it is within the statute of frauds and therefore unenforceable, and appellee was entitled to a judgment for the property, which he obtained. Included in this judgment, however, was a judgment for use and occupation, not only after appellee had breached the contract, but also for the period between the time it was made and possession given and the time of such breach. The question is whether or not appellee was entitled to recover for the use and occupation of the premises for the period of time between the date of the contract and possession thereunder and its breach by himself.

In considering this question it should be borne in mind that a contract for the sale of land, although within the .statute of frauds, is not void, but only voidable; it is unenforceable. *Sims* v. *Hutchins,* 8 Smedes & M. 328, 47 Am. Dec. 90. It is legal for the parties to carry out such a contract, and they are at liberty to do so. Until such a contract is disaffirmed, the relation of landlord and tenant does not exist, but that of vendor and vendee; and where the contract is disaffirmed by the vendor, the latter is not entitled to recover for use and occupation for the period between the purchase and such disaffirmance. Where a vendor refuses to perform because the contract is within the statute of frauds, the vendee cannot be held liable for use and occupation prior to such disaffirmance by the vendor. 25 R. C. L. p. 720, section 366. Recovery for use and occupation can only be had by the vendor for the period during which the relation of landlord and tenant existed. That period did not commence in this case until appellee disaffirmed the contract. Therefore the trial court erred in leaving it to the jury to determine the reasonable value of the use and occupation of the house and lot in question between appellants purchase thereof and appellee's disaffirmance of such purchase; and the court erred in refusing instructions requested by appellant by which it was sought to exclude from the jury any recovery for use and occupation for that period.

The other questions argued by appellee, by which it is

sought to justify the judgment of the court, are without merit. There is some conflict in the evidence as to just what was a reasonable amount for use and occupation for said period. Therefore the case should be reversed and remanded, and another trial had in accordance with the views expressed in this opinion. In view of the fact that other questions might have been raised on this record, we would be understood as considering and passing on none except those raised and discussed.

*Reversed and remanded.*