MABEL D. WEEKS
*vs.*
STANDISH HARDWARE AND GARAGE CO.
AND TRUSTEE

Cumberland.    Opinion, September 9, 1950.

*Saul H. Sheriff*, for plaintiff.

*Gould & Shackley,*
*Adelbert L. Miles,*
*Robert K. Miles,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J. On exceptions to acceptance of a referee's report finding for the plaintiff in the sum of $648. This was an action to recover for the use and occupation of certain described premises from June 6, 1946 to November 6, 1947, 17 months at $40 per month, amounting to $680. The plea was the general issue without brief statement. No account in set-off was filed. It was heard before a referee with right of exceptions reserved. To the referee's report written objections were filed by the defendant. These objections were overruled and the report accepted. The case is now before us upon exceptions allowed to the acceptance of the report.

The property in question was formerly owned by one D. D. Decormier. It was devised to his wife for life and the plaintiff was the residuary devisee under his will. Mrs. Decormier was executrix of her husband's will. By the will she was given a power of disposal over the real estate. The nature of this power and whether the same was granted to her as executrix, and if so whether it was a power granted to her personally as executrix or to the executrix of the estate generally, or whether it was granted to her as life tenant, and if so and exercised, the proceeds of the sale were to become hers absolutely or for life or were to form a part of the general assets of the estate cannot be determined from the record. The will of D. D. Decormier was not introduced in evidence.

During her lifetime, and after the death of Mr. Decormier, Mrs. Decormier entered into an oral contract with the defendant to sell it the property for $5,000 and received on account of the purchase price two payments, one of $40 and another of $1,000. Prior to entering into the contract the defendant had been occupying at least a portion of the premises as a tenant at will under Mrs. Decormier at a rental of $40 per month. It continued to hold as tenant at will under Mrs. Decormier at this same rental until the contract to purchase was entered into. In fact, it appeared

that the $40 payment was first offered as rent, but that Mrs. Decormier accepted it as payment on the purchase price.

The referee ruled as a matter of law that the oral contract was unenforcible not only because it did not satisfy the requirements of the statute of frauds, but also because it was indefinite.

After the death of the life tenant (Mrs. Decormier) the remainderman (the plaintiff) disaffirmed the contract and notified the defendant that the rent would be $40 per month. The referee found that $40 per month was a reasonable rental and found for the plaintiff at that rate from the date of disaffirmance to November 6, 1947.

The defendant claimed that it was not liable to pay rent, claiming to have been a purchaser in possession under a contract for purchase. It also claimed that if liable to the plaintiff for rent, the $1,040 which it had paid to Mrs. Decormier should be credited against the rent due the plaintiff as remainderman.

The referee ruled that the defendant was liable to the plaintiff for use and occupation of the premises formerly held in possession under the unenforcible contract entered into with Mrs. Decormier for the period of occupancy subsequent to the disaffirmance. He refused to allow the payment made to Mrs. Decormier, the life tenant, against the plaintiff's claim for rent.

Although the defendant did not by its objections or exceptions challenge the rulings of law by the referee with respect to the enforcibility of the contract, it did by appropriate objections and exceptions challenge the referee's ruling as to the legal effect of the disaffirmance of the contract by the plaintiff, and the ruling of the referee that the plaintiff did not have to allow the payments to Mrs. Decormier against the defendant's liability to the plaintiff for use and occupation of the premises.

A residuary devisee of real estate, although not claiming under the life tenant, is a successor in title to the real estate. After the death of the life tenant he has a right to disaffirm an unenforcible contract for the sale of the property which he is now the sole owner entered into by the life tenant with a power of disposal.

If the purchaser in possession continue to hold possession of the property which was the subject matter of the contract after such disaffirmance, the law will imply an obligation on his part to pay for such subsequent use and occupation.

In the absence of special circumstances the purchaser in possession under a contract for the purchase of land, which contract is unenforcible because it does not comply with the requirements of the statute of frauds, is not liable for the use and occupation of the premises. However, if the vendor disaffirm the contract, from that time on, if the vendee continue to occupy, the law will imply an obligation to pay for the subsequent use and occupation. The general rule is well stated in 49 Am. Jur. Page 864, Sec. 559:

> "Where, however, it is the vendor who refuses to perform an oral contract for the sale of land, seeking the protection of the statute of frauds, the general rule is that the vendee named in the contract who has gone into possession of the land in pursuance of it cannot be held liable for use and occupation prior to the vendor's disaffirmance of the contract, although he may be held liable to account for rent for the time which he may have occupied the premises after the vendor's disaffirmance. The parties to the oral contract of purchase may, if they choose to do so, carry out such contract, and until it is disaffirmed by one or the other the relation between them is that of vendor and vendee and not that of landlord and tenant; since this is true, the vendor is therefore not entitled to recover for use and occupation until disaffirmance."

The general principle that the implied obligation to pay rent by a vendee in possession arises upon disaffirmance was recognized in *Patterson* v. *Stoddard*, 47 Me. 355. It is true that in that case it was the vendee who disaffirmed, but the general principle upon which the rule is founded is the same whether it be the vendor or vendee who disaffirms. Upon disaffirmance the relationship of vendor and vendee is terminated and the law implies an obligation to pay for use and occupation. The extent of the obligation depends upon which party disaffirms. If the vendee disaffirm the law implies an obligation to pay for use and occupation *ab initio*, whereas if the vendor disaffirm, the implied obligation is to pay only for use and occupation subsequent to the disaffirmance. Such at least is the general rule in the absence of controlling circumstances not here present. As hereinbefore stated, the plaintiff as a successor in title to the premises which formed the subject matter of the unenforcible contract for sale had a right to disaffirm the same. The finding of the referee, therefore, of an implied promise upon the part of the defendant to pay for use and occupation of the premises from the time of disaffirmance to November 6, 1947 was correct and the amount thereof correctly computed at $648.

If a vendor, having received payment of or on the purchase price from his vendee under a legal but unenforcible contract, disaffirm the contract, the law will imply a promise on his part to return what he has received from the vendee. "This rule rests upon the broad principle that it is against conscience that one man shall be enriched to the injury and cost of another, induced by his own act." See 49 Am. Jur. Page 872, Sec. 566.

As between the original parties the amount paid by the vendee can by proper procedure be offset against a liability to pay for use and occupation after disaffirmance. Whether as between the original parties this can be done by way of *recoupment* or must be taken advantage of by an account in

*set-off* need not be determined in this case, and upon that question we neither express nor intimate an opinion. The instant case is not between the original parties to the contract.

The plaintiff as remainderman does not claim by, through or under Mrs. Decormier. Her right to recover for use and occupation is her individual right given to her by virtue of her ownership of the land as remainderman. Although her right to recover for use and occupation did not arise until she disaffirmed the contract, her right to recover therefor is in nowise dependent upon the contract nor is it derived by, through or under it.

The defendant's right to recover back the portion of the purchase price paid to Mrs. Decormier is a right which, Mrs. Decormier having died, exists against her estate or the estate of D. D. Decormier, depending upon the nature of the right of disposal which Mrs. Decormier possessed and attempted to exercise. If under any circumstances the nature of her power of sale was such that the plaintiff is liable to allow the payment made to her against the defendant's liability to her for use and occupation, a question upon which we neither express nor intimate an opinion, that could only be made to appear by showing the exact nature of her power of sale and the exact terms of the will of D. D. Decormier. The burden of establishing either *set-off* or *recoupment* is upon the one who seeks *set-off* or *recoupment*. The will of D. D. Decormier was not introduced in evidence. The nature of Mrs. Decormier's right to dispose of the property cannot be determined from the record. If there could be a situation where the defendant had a right of *recoupment* against its liability to the plaintiff for use and occupation to the extent of the purchase price paid Mrs. Decormier, which as before stated is a question upon which we neither express nor intimate any opinion, the record is entirely void of evidence from which such right can be found. If a right of *set-off* existed the defendant failed to file an

*account in set-off* or otherwise plead in *set-off* as required by statute.

On the record, as presented, the ruling by the referee that he found an implied obligation on the part of the defendant to pay the plaintiff for use and occupation in the amount of $648, and his further ruling that the amount paid by the defendant to Mrs. Decormier was not allowable against that obligation were not only justified but were without legal error. These rulings in favor of the plaintiff and against the defendant are decisive of all of the objections to the referee's report and of the exceptions to its acceptance. The defendant takes nothing by its exceptions.

*Exceptions overruled.*