GREEN v. BAMBRICK.

1. Specific Performance—Oral Contract to Convey Land.
    An oral contract to convey real estate must be established by clear, satisfactory and convincing proof in order to be entitled to be specifically enforced.

2. Same—Burden of Proof—Evidence—Oral Contract—Performance.
    A plaintiff in a suit for specific performance of an oral contract to convey land has the burden of proof to show by clear and satisfactory evidence (1) that the contract was made as claimed by him, and (2) that there were such acts of performance on his part, under the contract, as fairly entitled him to the remedy of specific performance.

References for Points in Headnotes
[1, 2, 5] 49 Am Jur, Specific Performance § 169.
[2] 49 Am Jur, Specific Performance § 167.
[3] 3 Am Jur, Appeal and Error §§ 815, 1039.
[4] 3 Am Jur, Appeal and Error §§ 885, 912.
[6–8] 49 Am Jur, Specific Performance. § 175.

3. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—CREDI-
BILITY OF WITNESSES—WEIGHT OF EVIDENCE.

> While a trial court is ordinarily in a better position to deter-
> mine the credibility of, and weight to be accorded to, testi-
> mony of witnesses, in chancery cases the Supreme Court is
> not relieved of the responsibility of reviewing all the evidence
> and coming to its own conclusion as to what should be done in
> each cause.

4. SAME—CHANCERY CASES—FINDING OF FACT BY SUPREME COURT.

> In making a finding of fact on *de novo* review of a chancery case
> the Supreme Court must view the testimony of witnesses with
> great caution, scrutinize it closely and weigh and test it in the
> light of all circumstances disclosed by the record.

5. SPECIFIC PERFORMANCE—ORAL CONTRACT TO CONVEY LAND—EVI-
DENCE.

> Decree denying specific performance of an alleged oral contract
> to convey land by a person, now deceased, is affirmed, where
> plaintiff failed to establish the terms of the agreement by
> clear and convincing proof.

6. SAME — JURISDICTION — DETERMINATION OF VALUE OF IMPROVE-
MENTS.

> A suit for specific performance of an oral contract is a chan-
> cery case and the court having jurisdiction of the parties and
> the issues involved may retain it in order to determine the
> equitable value of the improvements made by plaintiff to whom
> relief by way of specific performance is denied.

7. IMPROVEMENTS—MEASURE OF DAMAGES.

> The amount recoverable for improvements made in good faith
> is not to be measured by the cost thereof, but by the resulting
> increased value of the property.

8. APPEAL AND ERROR—VALUE OF IMPROVEMENT—FINDING OF TRIAL
COURT.

> The trial court's determination as to the value of the improve-
> ment or the amount of money contributed by the plaintiff to-
> ward the erection of house on lot owned by defendant's dece-
> dent is upheld in the absence of a definite showing that a
> different result should have been arrived at.

Appeal from Ingham; Salmon (Marvin J.), J.
Submitted June 14, 1951. (Docket No. 65, Calendar
No. 45,171.) Decided September 5, 1951.

Bill by Charles R. Green against Fred Bambrick, individually and as administrator of the estate of Albert E. Bambrick, deceased, and another to specifically enforce a contract to convey real estate. Cross bill by defendants against plaintiff for possession of real estate and reasonable rental. Decree for plaintiff. Plaintiff appeals. Defendants cross-appeal. Affirmed.

*John P. O'Brien* and *Claude J. Marshall,* for plaintiff.

*Ballard, Jennings, Bishop & Fraser (Everett R. Trebilcock,* of counsel), for defendants.

SHARPE, J. This is a suit for specific performance of a claimed oral contract to convey real estate or in the alternative a money decree for improvements made on the land.

By stipulation of counsel for both parties, it was agreed that the court, in the event it should determine no parole contract existed, might consider whether or not plaintiff's proofs were sufficient to establish an implied contract to pay for the improvements made to the premises.

Plaintiff and wife were residents of Jackson, Michigan, and came to Lansing and entered into some arrangements with Albert. E. Bambrick for the construction of a home which was later to be sold and the profits, if any, were to be equally divided between plaintiff and Albert. E. Bambrick. It also appears that subsequently other arrangements were made whereby a house was to be built and occupied by all 3 parties. At the time these arrangements were entered into Albert E. Bambrick was of advanced years and nearly blind. He died in September, 1948.

It is the claim of plaintiff that he was induced to move to Lansing in 1945 and lived in the home of Albert E. Bambrick; that Albert E. Bambrick owned a lot in the city of Lansing upon which the parties agreed to build a house; that Albert E. Bambrick would furnish the finances and plaintiff would look after the construction of the house; that while the house was in the process of construction on or about September 20, 1946, the parties modified their original agreement and provided plaintiff would use his own funds to complete the home and Albert E. Bambrick would be repaid all sums of money that he had in said home; and upon the payment of such money Albert E. Bambrick agreed to deed said property to plaintiff; that said home was completed at a cost to plaintiff of $7,500; that Albert E. Bambrick had invested the sum of $2,300 in said home; that although often requested to execute the deed to the property, Bambrick never did so; and that upon his death his son and daughter take the position that plaintiff has no money in said property and served notice on plaintiff to vacate said property.

It is the claim of defendants that Albert E. Bambrick did not induce plaintiff to move to Lansing and they assert that the construction of the dwelling was commenced by Albert E. Bambrick as his sole and private enterprise and for his sole profit; that the entire cost of constructing the dwelling was borne by Albert E. Bambrick; and that plaintiff has no interest in said dwelling. Defendants filed a cross bill in which they asked to be restored to possession of the dwelling; that the court determine the adequate rental value of said premises from the date of decedent's death; and that they be granted a decree for such rental value of the premises.

The cause came on for trial and subsequently the trial court entered a decree denying specific performance, but granted plaintiff the sum of $5,000 for

the reasonable value of the improvements made to the property.

The trial court filed an opinion from which we quote:

"From an analysis of the testimony it is clear that the agreement as originally entered into was abandoned and a new one entered into. It also seems clear from the testimony that by the terms of. this latter agreement the plaintiff and his wife were to eventually have the new house as their own and that Mr. Bambrick, the decedent, was to be paid by them what he had in the property. However, it is not certain and clear from the testimony that the minds of the parties ever met upon the value of Mr. Bambrick's interest or when he was to be paid. Plaintiff has testified that the value is $2,300, but the decedent owned the lot upon which the house was built, and the court does not understand from the testimony that the lot was included in the $2,300 figure. The testimony to the effect that this amount was a loan to plaintiff indicates that the value of the lot was not included therein. Thus it appears to the court, as before stated, that the minds of the parties never met upon a precise amount. This court has no authority to set the value of the lot, and therefore, for that reason, if for no other, is unable to decree specific performance. See *Rodstrom* v. *Strum,* 302 Mich 609.

"This court by virtue of its having assumed jurisdiction, is of the opinion that it may retain it for the purpose of determining on an equitable basis the amount, if any, to which the plaintiff is entitled for the improvement and the amount, if any, for which the defendants are entitled for rent. If the plaintiff put money and labor into the erection of the house he is entitled to reimbursement therefor. The fact that the decedent stood by while the house was being built would estop the defendants from taking any other position.

"The difficulty here lies in determining what the plaintiff put in. It is clear and undisputed that he

put in a considerable amount of labor, but the value thereof is not certain. After having seen and heard him testify and after considering his conduct in connection with the disclosure of the decendent's assets and the manner in which they had been handled by him and the kindness and consideration which they apparently had shown the decedent, the plaintiff's testimony becomes quite convincing. However, there are other circumstances shown which tend to cast some doubt upon whether all of the funds which went through plaintiff's checking account and into the house were his.

"As the court sees this case in the light of all the testimony and circumstances, it does not appear that the value of the improvements which may have been contributed by the plaintiff or the amount of money he may have put therein is susceptible of exact mathematical calculation. Rather it appears that this is a situation in which the court must use its judgment and thereby determine a figure which to it seems fair and reasonable under all the facts and circumstances. Thus in line with that idea and after having considered the matter of rent, the court feels that plaintiff should receive the sum of $5,000 and be permitted to remain in the house rent free for 30 days after receipt of the above mentioned sum."

Plaintiff appeals and urges that full performance having been given him which was acquiesced in and encouraged by decedent, plaintiff is entitled to specific performance of the alleged oral contract.

In *Steketee* v. *Steketee*, 317 Mich 100, 105, we had occasion to announce a rule governing the granting of specific performance of an oral agreement. We there said:

"In order that courts may specifically enforce an oral agreement to convey property, plaintiff must establish by clear, statisfactory and convincing proof the terms of such agreement."

In *Daugherty* v. *Poppen,* 316 Mich 430, we said:

"The burden of proof was on plaintiff to establish by clear and satisfactory evidence, first, that the contract was made as claimed by him, and, second, that there were such acts of performance on his part, under the contract, as fairly entitled him to the remedy of specific performance."

In the case at bar it is undisputed that decedent was the owner of the lot upon which the dwelling was erected.   It is also undisputed that plaintiff and decedent entered into some agreement relative to the erection of the dwelling whereby decedent was to advance certain moneys and plaintiff was to supervise and render some labor in its erection; and that later this agreement was modified to the extent that plaintiff was to advance his money to the completion of the house.   The trial court found that the minds of the parties never met upon the value of decedent's interest or when it was to be paid.   In our examination of the record we find conflicting testimony upon this issue.

In *McDonald* v. *Scheifler,* 323 Mich 117, 125, we said:

"We have repeatedly said that the trial judge who sees and hears the parties and their witnesses is ordinarily in a better position to determine the credibility of, and the weight to b. accorded, their testimony than we who read the record and do not see the witnesses, but in chancery cases we are not relieved of the responsibility of reviewing all the evidence and coming to our own conclusion as to what should be done in each cause.   In doing so we are not unmindful that the testimony of witnesses must be viewed with great caution, scrutinized closely, and weighed and tested in the light of all circumstances disclosed by the record."

Our examination of the record convinces us that plaintiff did not establish by clear and convincing proof the terms of the agreement and in that respect we affirm the finding of the trial court.

Plaintiff also urges that the trial court failed to apply a legal standard in determining the value of the improvements made on the lot. It appears that a stipulation was entered into to the effect that if specific performance was denied, the court could determine the value of the improvements. This is a chancery case and the court having jurisdiction of the parties and the issues involved may retain it in order to determine the equitable value of the improvements made by plaintiff. The court determined that plaintiff was entitled to the sum of $5,000 for the improvements made.

In *Acker* v. *Weadel,* 236 Mich 374, 381, we said:

"The plaintiffs having invoked equity against those in possession of the land opened the way for the latter to have their rights determined upon equitable principles, under which compensation may be awarded for improvements mistakenly made upon the lands in good faith and enhancing its value to the owner's substantial benefit. That, however, is not to be measured by the cost of such claimed improvements but by the resulting increased value of the property."

Plaintiff urges that the house enhanced the value of the land by $12,750 and that he owed decedent's estate the sum of $2,300, leaving the value of improvements in the amount of $10,450 for which he claims judgment. It was stipulated that checks aggregating $6,571.02 were drawn by plaintiff against a checking account standing in the name of plaintiff in the American State Bank of Lansing over a period commencing May 7, 1946, and ending January 31, 1947, and that the checks were for payments of

materials and services rendered by third parties in the construction of the dwelling house. We are in accord with the trial court in his finding of fact that the value of the improvement or the amount of money contributed by plaintiff is not susceptible of exact mathematical calculation. There is a lack of testimony as to the number of hours of labor put into the building of the home. Nor is there an accurate account of the amount of money expended from plaintiff's personal resources. In our opinion the trial court arrived at a fairly accurate estimate in determining that plaintiff's investment was the amount of $5,000. We have repeatedly held that when the testimony is conflicting, the findings of the trial court will be upheld in the absence of a definite showing that a contrary result should have been reached. See *Lau* v. *Lau,* 304 Mich 218. In our opinion the record is not convincing that a different result should have been arrived at.

The decree is affirmed, with costs to defendants.

Reid, C. J., and Boyles, North, Dethmers, Butzel, Carr, and Bushnell, JJ., concurred.