# LUCY TOMPKINS v. ELMER B. SANDEEN AND ANOTHER.[1]

December 3, 1954.

No. 36,349.

[1]Reported in 67 N. W. (2d) 405.

*Lauerman, Johnson & Gustafson,* for appellants.
*H. R. Pfeiffer* and *Russell L. Frazee,* for respondent.

DELL, CHIEF JUSTICE.

This is an appeal from an order denying defendants' alternative motion for amended findings or a new trial.

Plaintiff commenced this action against the defendants for specific performance of an oral contract to convey real estate to her upon which a dwelling had been erected. Defendants answered denying the existence of the contract alleged and counterclaimed for the sum of $251.55, which it is claimed plaintiff was owing as the remainder due as rent for the premises. Thereafter defendants moved for judgment on the pleadings or in the alternative for summary judgment in their favor. Both motions were denied, the court holding that, while the complaint did not state a cause of action for specific performance because the alleged contract was too indefinite, nevertheless, the facts pleaded, if proved, justified equitable relief.

The court found, among other things, that in the spring of 1950 the plaintiff, being required to vacate certain premises in Hector, Minnesota, rented by her for the operation of a beauty parlor, was advised by the defendants, her sister and brother-in-law, that she ought to have a place of her own. They offered to let her have a part of their real estate adjoining their home for the purpose of erecting a building to be used by her as a beauty parlor and for living quarters. This offer was made so that plaintiff and defendants could live next door to each other. The defendant Elmer B. Sandeen, hereinafter referred to as the defendant, drew the plans for the building and they were approved by the plaintiff. He offered to do the work in constructing the building, and it was agreed that the plaintiff should furnish what money she had for use in its construction. Defendant was to advance the remainder. The agreement did not provide when the money advanced by the defendant should be

repaid by the plaintiff. In reliance upon this agreement plaintiff delivered to the defendant a number of checks drawn on the Security State Bank of Hector in blank, and by means of these checks, he paid out $810.91 for labor and materials for the building. In its construction defendant used some materials obtained from the beauty shop previously occupied by the plaintiff in Hector and some furnished by her from other sources, all of the reasonable value of $255.75. Plaintiff also performed labor and services in connection with the construction of the building of the reasonable value of $180, the total contribution by the plaintiff toward the construction of the building being $1,246.66. The plaintiff moved into the building on July 5, 1950, and occupied it continuously until July 8, 1953. Sometime in April 1952, defendant made a demand upon plaintiff for rent of the premises whereupon plaintiff demanded a statement from him as to the amount of advances he had made. Defendant denied the agreement made, failed to furnish such statement, and refused to transfer and convey the building to the plaintiff.

Upon these findings the court held that the agreement was not sufficiently definite to permit a decree of specific performance, but that the plaintiff should have a specific lien upon the real estate involved for the amount of her claim together with interest thereon less rent chargeable to her for the use of said premises from May 1, 1952, to July 8, 1953, at the rate of $45 per month. Judgment was thereupon ordered in favor of the plaintiff and against the defendant for the sum of $807.01.

■ Plaintiff points out, and rightfully so, that an appeal will not lie from an order denying a motion for amended findings.[2] Consequently that portion of the appeal requires no discussion.

■ It is defendant's primary contention that rent should be chargeable to the plaintiff from the inception of her occupancy in July 1950 rather than from the date of disaffirmance of the contract by the defendant in April of 1952, as held by the trial court. If the action at the time of trial was essentially one for a rescission of the contract, defendant's position is well taken. Since there was a

[2]Raymond v. McKenzie, 220 Minn. 234, 19 N. W. (2d) 423.

material breach of the contract by the defendant, the plaintiff was entitled to rescind if she so desired.[3] Although the vendor and purchaser under a contract to sell do not occupy, at least for rental purposes, the relationship of landlord and tenant,[4] it is well established that in an action to rescind the purchaser is obligated to return the benefits received under the contract. This has repeatedly been held to include the reasonable value of the use and occupancy of the premises offset by the value of any improvements the purchaser may have made.[5]

However, as aptly pointed out by the plaintiff, this was not an action for rescission but rather for specific performance in affirmance of the contract. Plaintiff contends that, since there is no landlord-tenant relationship under a contract to purchase, it follows that the vendor, after unjustifiably refusing to perform, cannot recover rent based on the purchaser's possession of the premises prior to the date of disaffirmance.[6] More specifically, analogy is drawn by the plaintiff to the situation where the vendor refuses performance on the ground that the contract cannot be enforced against him because it fails to comply with the statute of frauds. It is generally held that in such a situation the purchaser is not liable in a suit

[3] 6 Dunnell, Dig. & Supp. § 10096. A few courts have held that there can be no vendee's lien where rescission is involved, Davis v. Rosenzweig Realty Co. 192 N. Y. 128, 84 N. E. 943, 20 L.R.A.(N.S.) 175, but this theory is generally repudiated. Witte v. Hobolth, 224 Mich. 286, 195 N. W. 82.

[4] Barrell v. Britton, 244 Mass. 273, 138 N. E. 579, 28 A. L. R. 1065; Weeks v. Standish Hdwe. & Garage Co. 145 Me. 307, 75 A. (2d) 444.

[5] Spiess v. Brandt, 230 Minn. 246, 41 N. W. (2d) 561, 27 A. L. R. (2d) 1; Lancoure v. Dupre, 53 Minn. 301, 55 N. W. 129; Shermaster v. California Home Bldg. Loan Co. 40 Cal. App. 661, 181 P. 409; Schenk's Committee v. Riedling, 294 Ky. 218, 171 S. W. (2d) 251; Bechard v. Bolton, 316 Mich. 1, 24 N. W. (2d) 422, 175 A. L. R. 683; 7 Minn. L. Rev. 231. See Lutz v. Cunningham, 240 Iowa 1037, 1055, 38 N. W. (2d) 638, 647, collecting the Iowa cases supporting this view. As noted in Lutz v. Cunningham, *supra*, the purchaser is charged with the benefit from the use of the property and not rent, although reasonable rental value is the accepted standard of determining the beneficial use.

[6] 3 American Law of Property, § 11.34.

by the vendor for the use and occupation of the premises prior to the vendor's disaffirmance.[7]

The arguments are not inconsistent. On one hand the purchaser brings an action to rescind the contract and the parties are restored to the *status quo*. On the other hand the defaulting vendor brings the action to recover rent based upon a nonexistent landlord-tenant relationship. Neither type of action is involved here. It is apparent from the record that at the time of trial the court and the parties treated plaintiff's cause of action as one for recovery of a money judgment for contributions made by the plaintiff toward improvements on the defendant's land, together with interest, and for the imposition of an equitable lien on the property involved for this amount. Having determined that specific performance of the agreement could not be compelled because of its indefiniteness, the court was right in adopting and taking this action.[8] Consequently we conclude that the rules to be applied in this case must necessarily be the same as control situations where the purchaser, unable to compel specific performance because the contract is within the statute of frauds or too indefinite in its terms, seeks to recover for the improvements made in reliance upon the contract. There is

---

[7]Weeks v. Standish Hdwe. & Garage Co. 145 Me. 307, 75 A. (2d) 444 (contract unenforceable not only because it violated statute of frauds but also because it was indefinite) ; Harvey v. Daniels, 133 Miss. 40, 96 So. 746. Where the vendee is in default, there is some disagreement as to whether he is liable for the entire period. Compare language in Weeks v. Standish Hdwe. & Garage Co. *supra*, with Arnold v. Fraser, 43 Mont. 540, 117 P. 1064.

[8]Griffin v. Griffin, 206 Ala. 489, 90 So. 907; Jones v. Gainer, 157 Ala. 218, 47 So. 142; Scott v. White, 190 Md. 389, 58 A. (2d) 490; Green v. Bambrick, 331 Mich. 243, 49 N. W. (2d) 160; Carter v. Carter, 182 N. C. 186, 108 S. E. 765, 17 A. L. R. 945; Morin v. Randall, 60 R. I. 505, 199 A. 616; Annotation, 17 A. L. R. 949. See Morrison v. Farmer, 147 Tex. 122, 213 S. W. (2d) 813, where the court, admitting plaintiff was entitled to compensation secured by an equitable lien for improvements even though she could not specifically enforce the contract, remanded the case for proper pleadings and additional evidence. See, Restatement, Contracts, § 370, *comment b.*

no doubt that the purchaser can have such a recovery,[9] which should properly be measured by the enhanced value of the land at the time possession is surrendered and not by the cost of the improvements.[10]

However, in this type of action this court, as well as others, has allowed the vendor to set off the reasonable value of the use and occupation of the premises by the purchaser against the value of improvements.[11] The theory permitting the purchaser to recover for improvements does not rest on the contract but rather on the principle that the defaulting vendor ought not to be unjustly enriched.[12] In Schultz v. Thompson, 156 Minn. 357, 360, 194 N. W. 884, 885, this court said:

[9]Schultz v. Thompson, 156 Minn. 357, 194 N. W. 884; Gwin v. George, 252 Ala. 318, 40 So. (2d) 861; Scott v. White, 190 Md. 389, 58 A. (2d) 490; Ford v. Stroud, 150 N. C. 362, 64 S. E. 1; 3 American Law of Property, § 11.79.

[10]Roske v. Ilykanyics, 232 Minn. 383, 45 N. W. (2d) 769; Lepak v. Lepak, 195 Minn. 24, 261 N. W. 484; Schultz v. Thompson, 156 Minn. 357, 194 N. W. 884; Shepherd v. Halsall, 288 Ky. 210, 155 S. W. (2d) 853. For the reasoning as to why the time for determining the enhanced value is set at surrender of possession, see Lancoure v. Dupre, 53 Minn. 301, 308, 55 N. W. 129, 131.

[11]Roske v. Ilykanyics, 232 Minn. 383, 45 N. W. (2d) 769; Griffin v. Griffin, 206 Ala. 489, 90 So. 907; Ford v. Stroud, 150 N. C. 362, 64 S. E. 1; Hinkle v. Hinkle (Mo.) 236 S. W. 30 (lien not allowed because rental value during plaintiff's possession exceeded value of improvements). See, Schneider v. Reed, 123 Wis. 488, 499, 101 N. W. 682, 685; Restatement, Contracts, § 347, *illustration* 6. The same rule generally applied in actions to recover purchase money paid. Zanone v. Tashgian, 231 Ky. 454, 21 S. W. (2d) 825, discussing the many cases which hold that the rental value and interest on the agreed compensation of the land offset each other. The interest on improvements obviously has no such relation to rental value. A few cases have held that since plaintiff is not a tenant there is no right to set off rental value in actions to recover purchase money paid. See, Ankeny v. Clark, 148 U. S. 345, 359, 13 S. Ct. 617, 622, 37 L. ed. 475, 480; Dodgen v. Camp, 47 Ga. 328, 331; Weeks v. Standish Hdwe. & Garage Co. 145 Me. 307, 311, 75 A. (2d) 444, 446 to 447.

[12]Lepak v. Lepak, 195 Minn. 24, 261 N. W. 484; see, Holste v. Baker, 223 Minn. 321, 328, 26 N. W. (2d) 473, 477.

"* * * We need not stop to inquire whether the contract, unenforceable because not in writing, is sufficiently definite and certain to be specifically enforced if it had been in writing. The right of the vendee to recover for improvements made in good faith in reliance on an oral contract which fails through no fault of his, does not rest on the contract or any right to enforce it, but rests on the ground that the vendor, through whose fault the contract failed, ought not to obtain the enhanced value given to his property by the money and labor of the vendee without making compensation therefor."

While some courts do not specifically characterize the action as one for "unjust enrichment" or "quasi contract" as this court has done, it is clear that the basis of most of the decisions rests on the same principle.[13] It is well settled that under the unjust enrichment theory the parties are to be restored to the *status quo* as far as practicable, which necessarily involves the return of any benefits received by the plaintiff.[14] Thus, while rescission of the contract is not involved, the result is substantially the same as if the plaintiff had elected to rescind. We conclude that defendant is entitled to set off the reasonable value of plaintiff's use and occupation of the premises from the inception of her occupancy.

The reasonable rental value found by the trial court was apparently based on the use of the premises as improved. The proper measure of the setoff should be the value of the use and occupation of the premises *without the improvements* contributed by the plaintiff.[15] It would be manifestly unjust for the vendor to obtain rental value on improvements contributed by the purchaser, particularly when the latter bears the cost of their depreciation.[16] An equitable result can be reached only by determining the amount of defendant's interest in the premises without the improvements con-

---

[13]*E.g.*, Scott v. White, 190 Md. 389, 58 A. (2d) 490.

[14]Restatement, Contracts, § 349.

[15]Lancoure v. Dupre, 53 Minn. 301, 55 N. W. 129; Griffin v. Griffin, 206 Ala. 489, 90 So. 907.

[16]See footnote 10.

tributed by plaintiff and prorating the value of the use and occupation accordingly.

■ Defendant next urges that plaintiff should be held liable for rent for the month following the date she surrendered possession since 30-day notice of intention to quit was not given as prescribed by M. S. A. 504.06. The trial court held, and rightly so, that the statutory provision as to notice has no application under the facts of this case. Neither party has cited authority on this point and research fails to disclose any. There is no merit, however, in defendant's contention that, by holding plaintiff liable for rent subsequent to the date of disaffirmance, the trial court, in effect, made her a tenant from month to month. To require a purchaser under an unenforceable contract to give notice of intention to quit to a defaulting vendor would be an unwarranted extension of § 504.06 resulting in obvious injustice.

The only other assignment of error, which asserts that defendant should have been permitted to return certain fixtures furnished by the plaintiff and installed in the building rather than pay for them, is without merit under the circumstances in this case. Moreover, that question was raised for the first time in defendant's motion for a new trial. Since this issue was never presented by either the pleadings or evidence, it could not properly be asserted as a ground for a new trial.[17]

It follows from the conclusions reached that the case must be remanded to the trial court for vacation of the judgment and for new findings as to the reasonable value of the use and occupation of the premises for the entire period of plaintiff's occupancy in accordance with the applicable rule of law. Although not assigned as error, since we are remanding the case, the trial court should also reconsider its finding as to the value of plaintiff's contributions, which is properly measured by the enhanced value of the land attributable to her contributions as of the time possession was surrendered and not by the cost of the contributions. Upon making these findings of fact and appropriate conclusions of law the trial

[17] 4 Dunnell, Dig. (3 ed.) § 7079a.

court shall direct entry of judgment accordingly. If the trial court deems it advisable, it may take such further evidence as may be required to make the necessary findings.

Remanded with directions.